WEBB, Sheriff, et al. v. YORK.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1897.)

No. 796.

1. EXTRADITION—SUFFICIENCY OF INDICTMENT—CONFLICT OF LAWS.
    A requisition for the return of a fugitive from justice cannot be denied, when the indictment or affidavit of which a copy is attached to the requisition would be held sufficient by the courts of the state where the offense was committed, though it would not be held good by the courts of the state where the accused has taken refuge.

**2. SAME--EMBEZZLEMENT.**
Under the Criminal Code of California, which provides that an indictment or information must charge the commission of the offense with such certainty "as to enable a person of common understanding to know what is intended," it is not necessary that an affidavit charging the accused with having embezzled money which he held as bailee should describe the precise character of the bailment.

**3. SAME--HABEAS CORPUS.**
In a proceeding by habeas corpus, an extradition warrant for the arrest of a fugitive from justice ought not to be pronounced void, merely because of some technical defect in the foreign indictment or affidavit, provided the offense is substantially alleged or described.

Appeal from an Order in Chambers made by the District Judge of the United States for the District of Colorado.

This was a petition by Emma G. York for a writ of habeas corpus. The district judge discharged the petitioner from custody, and Elias H. Webb, as sheriff of Arapahoe county, Colo., and others, prosecuted this appeal. A motion to dismiss the appeal was denied in an opinion reported in 21 C. C. A. 65, 74 Fed. 753.

Emma G. York, the appellee, being in the custody of Elias H. Webb, the sheriff of Arapahoe county, state of Colorado, applied by petition to the Honorable Moses Hallett, United States district judge for the district of Colorado, for a writ of habeas corpus, alleging that she was wrongfully restrained of her liberty by the aforesaid sheriff. The writ of habeas corpus as prayed for was duly issued and served. The sheriff made return to the same that he held the petitioner as a fugitive from justice, under and by virtue of a warrant issued by the governor of the state of Colorado, in obedience to a requisition of the governor of the state of California. Appended to said return was a copy of the executive warrant, together with a copy of the requisition made by the governor of California, and the documents accompanying the requisition, on the strength of which the executive warrant had been issued. The papers thus appended to the return, so far as they are material, are as follows:

"State of Colorado, Executive Department.

"The People of the State of Colorado to any Sheriff or Peace Officer of any County in said State, Greeting: Whereas, it has been represented to me by the governor of the state of California that Emma York stands charged with embezzlement, a crime under the laws of the said state of California, committed in the county of San Francisco, in said state, and that she has fled from the justice of the said state, and has taken refuge in the state of Colorado, and the said governor of the said state of California has, in pursuance of the constitution and laws of the United States, demanded of me that I shall cause the said Emma York to be arrested: and whereas, the said representation and demand is accompanied by a certified copy of the complaint, warrant, and affidavit duly returned and filed in the office of the police court of said city and county of San Francisco, in the said state of California, whereby the said Emma York stands charged with said crime, which said copy and facts aforementioned are duly certified by the governor of the state of California to be true and authentic: You are therefore hereby commanded and required to arrest and take the body of the said Emma York wherever she may be found within this state, and her convey to the county jail of any county in this state, and her there safely keep, or cause to be kept, to be dealt with according to law. Herein fail not, and due return of this writ make to this department, showing your acts and doings thereunder. In testimony whereof I have hereunto set my hand and affixed the great seal of the state, at the city of Denver, this 20th day of April, A. D. 1896.

"[Seal.]                                    Albert W. McIntire.
"By the Governor.
"A. B. McGaffey, Secretary of State."

"State of California, Executive Department.

"James H. Budd, Governor of California, to His Excellency, the Governor of the State of Colorado: Whereas, it appears by the annexed exemplification of record, consisting of a certified copy of complaint filed in the police court of the city and county of San Francisco, state of California, warrant of arrest and affidavits of Charles Crockett and Adelia A. Gibson and William C. Cook, which I certify are authentic and duly authenticated, in accordance with the laws of this state, that Emma York stands charged with the crime of embezzlement, committed in the city and county of San Francisco, in this state, and it has been represented to me that she has fled from the justice of this state, and has taken refuge in the state of Colorado: Now, therefore, pursuant to the provisions of the constitution and laws of the United States, in such case made and provided, I do hereby request that the said Emma York be apprehended and delivered to Charles Crockett, who is hereby authorized to receive and convey Emma York to the state of California, there to be dealt with according to law, and to be tried for the offense herein designated. In witness whereof I have hereunto set my hand and caused the great seal of the state to be affixed at Sacramento, this 11th day of April, in the year of our Lord one thousand eight hundred and ninety-six.

"[Seal.]                          James H. Budd, Governor of California.

"By the Governor.
    "L. H. Brown, Secretary of State,
        "By W. T. Sesnon, Deputy."

"In the Police Court of the City and County of San Francisco, State of California. Department No. 3.

"The People of the State of California vs. Emma York.

"State of California, City and County of San Francisco—ss.: Personally appears before me this 4th day of April, A. D. 1896, Adelia A. Gibson, who on oath makes complaint and deposes and says that on the 29th day of March, A. D. 1896, in the city and county of San Francisco, state of California, the crime of, to wit, embezzlement, was committed, to wit, by Emma York, who then and there was intrusted as bailee by C. F. Gibson with the following personal property of his, the said C. F. Gibson, namely, twenty-two thousand five hundred ($22,500), of the value of twenty-two thousand five hundred dollars ($22,500) in lawful money of the United States of America, and the said Emma York then and there received the said personal property as bailee as aforesaid, and while said personal property so intrusted as aforesaid was in the possession, care, custody, and control of the said Emma York, she, the said Emma York, did then and there, to wit, on said 29th day of March, A. D. 1896, at said city and county of San Francisco, willfully, unlawfully, feloniously, and fraudulently convert, embezzle, and appropriate the same to her own use, contrary to her said trust as such bailee, as aforesaid, contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the people of the state of California. And this complainant, upon oath, accuses the said Emma York of having committed the said crime, and prays that the said accused may be brought before a magistrate and dealt with according to law.                    Adelia Gibson.

                                "Res. or Place of Bus., 1206 Market St.

"Subscribed and sworn to before me this 4th day of April, A. D. 1896.
                                        "H. L. Joachimson,
        "Judge of the Police Court of the City and County of San Francisco."

Indorsed: "* * * Filed in the police court of the city and county of San Francisco, department No. 3, this 4th day of April, 1896.
                                        "Jacob Shaen, Clerk."

"Warrant.

*    *    *    *    *    *    *    *    *    *    *    *    *    *

"State of California, City and County of San Francisco—ss.: Charles Crockett, being duly sworn, deposes and says that he was, on the 5th day of April, A. D. 1896, and still is, a police officer of said city and county, and that as such police officer he received the above warrant of arrest for Emma York, charged with the crime of felony,—embezzlement; and deponent deposes and

avers that he thereupon made due and diligent search for the said Emma York, in said city and county, to wit, sought for her at [her] last known place of residence and at her place of business, and in the market place and at the exchange, and that he could not find said Emma York; and deponent deposes and avers, upon his information and belief, that the said Emma York has fled from justice in the state of California, and taken refuge in the state of Colorado. Charles Crockett.

"Subscribed and sworn to before me this 5th day of April, 1896.

"H. L. Joachimson,

"Judge of the Police Court of the City and County of San Francisco, State of California."

Indorsed: "* * * Filed in the police court of the city and county of San Francisco this 5th day of April, 1896.

"H. L. Joachimson, Judge of said Court."

"Office of District Attorney, City and County of San Francisco.

"San Francisco, April 5, 1896.

"To His Excellency, the Governor of the State of California—Sir: I have the honor to make herewith application for a requisition upon the governor of the state of Colorado for Emma York, who is charged in this county with the crime of felony, to wit, embezzlement; and who, as appears by the affidavit of William C. Cook, herewith submitted, is a fugitive from the justice of this state. In support of the application, I inclose herewith, in duplicate, exemplified copies of the complaint and warrant of arrest against the said Emma York, and affidavits alleging the fact required to be established, and respectfully certify: First, that, in my opinion, the ends of public justice require that the said Emma York be brought back to this state for trial at the public expense as a charge upon this state; second, that I have, as I believe, within my reach, and will be able to produce upon the trial, evidence sufficient to secure conviction; third, no other application has been made, nor has any requisition been issued, for this person, growing out of the transaction set out in the present exemplification of record; fourth, I believe that the criminal named is now under arrest in the state of Colorado awaiting requisition; fifth, the said Emma York, at the time she fled therefrom, was a resident of this state. I name Charles Crockett as a proper person to be designated as agent, and certify that he has no private interest in the arrest of the fugitive.

"I am, sir, very respectfully, William S. Barnes,

"District Attorney, City and County of San Francisco."

*   *   *   *   *   *   *   *   *   *   *   *   *   *

"In the Police Court of the City and County of San Francisco, State of California.

"The People of the State of California vs. Emma York, alias Emma Brewer.

"William C. Cook, being duly sworn, deposes and says that he is a resident of the city and county of San Francisco, state of California. That on the 29th day of March, 1896, he was the business partner of one C. F. Gibson, in the said city and county of San Francisco, and had so been for a period of about ten years next preceding said last-named date. That between the 17th day of March, 1896, and the said 29th day of March, 1896, one Emma York was engaged in nursing and caring for C. F. Gibson, who was during said last-named period in a dying condition. That said C. F. Gibson died on or about said 29th day of March, 1896. That between said 17th day of March, 1896, and said 29th day of March, 1896, there came into the custody and care and control of said Emma York, as the agent and trustee and bailee of said C. F. Gibson, the sum of twenty-two thousand five hundred dollars, in lawful money of the United States, the personal property of said C. F. Gibson, and during his lifetime; and she, the said Emma York, after the said sum of money heretofore set forth had come into her possession, care, custody, and control as aforesaid, did, on or about the said 29th day of March, 1896, at said city and county of San Francisco aforesaid, willfully, unlawfully, fraudulently, and feloniously convert, embezzle, and appropriate the same, and the whole thereof, to her own use. That immediately after said 29th day of March, 1896, said

Emma York departed and fled from the state of California, and has taken refuge, and is now, as affiant is informed and believes, and so states the fact to be, in the state of Colorado, and without the jurisdiction of the laws of the state of California. All of which acts of said Emma York hereinbefore set forth are contrary to and in violation of the laws of the state of California in such cases made and provided.                                      William C. Cook.

"Subscribed and sworn to before me this 5th day of April, A. D. 1896.
                                                        "H. L. Joachimson,
"Judge of the Police Court, City and County of San Francisco, State of California.

"Filed in the police court, city and county of San Francisco, state of California, department number 3, this 5th day of April, 1896.
                          "H. L. Joachimson, Judge of said Court."

The foregoing documents were duly authenticated by the certificate of Tim R. Sullivan, clerk of the police court of the city and county of San Francisco, state of California, and were further authenticated by a certificate of C. F. Curry, clerk of the superior court of the city and county of San Francisco, with the seal of said court attached, showing that H. L. Joachimson, whose name was subscribed to the foregoing documents, was at the time of signing the same police judge in and for the city and county of San Francisco, duly elected and qualified, and that Tim R. Sullivan was the qualified clerk of said police court, and that the signatures of both of said officers were genuine signatures. The case having been submitted to the United States district judge for the district of Colorado on the aforesaid documents, the petitioner, Emma G. York, was discharged from custody. The case is before this court on appeal from said order.

James H. Blood (Gustave C. Bartels with him on brief), for appellants.

Tyson S. Dines (Charles J. Hughes and Branch H. Giles with him on brief), for appellee.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

In Ex parte Reggel, 114 U. S. 642, 649, 5 Sup. Ct. 1148, it was said by Mr. Justice Harlan, in substance, that, in proceedings under sections 5278 and 5279 of the Revised Statutes of the United States, it is the duty of the executive, upon whom a demand is made for the arrest and return of a fugitive from justice, to comply with the requisition when it appears—First, that the demand is accompanied by a copy of the indictment or affidavit made before a magistrate, charging the accused with the commission of treason, felony, or other crime within the state from whence the requisition comes, and that said indictment or affidavit is certified as authentic by her governor; second, that the person demanded is a fugitive from justice. In the present case the requisition was accompanied by an affidavit duly authenticated, which at least attempted to charge Emma York, the appellee, with the crime of embezzlement, committed in the state of California, and the proof laid before the governor of Colorado that she was a fugitive from justice was certainly adequate to warrant him in finding that such was the fact. No reasons are disclosed, therefore, which would have warranted the governor of Colorado in refusing to honor the requisition, or on account of which the executive warrant which was issued by the gov-

ernor of Colorado can be held void, unless it be that the affidavit filed in the police court for the city and county of San Francisco, which was attached to the requisition, fails to charge a crime. This, we think, is the sole question which deserves notice.

It is well settled that, in so far as the sufficiency of this affidavit is open for consideration in this proceeding, its sufficiency must be tested by the Code of Criminal Procedure of the state of California, rather than by common-law rules. Every state has the right to regulate the forms of pleadings and process in civil and criminal cases, and to determine what shall be deemed a sufficient indictment, information, affidavit, or declaration in its own courts. A requisition for the return of a fugitive from justice cannot be denied when the copy of the indictment or affidavit attached to the requisition is held sufficient by the courts of the state where the offense was committed, although it would not be held good by the courts of the state where the accused has taken refuge. Ex parte Reggel, 114 U. S. 642, 651, 5 Sup. Ct. 1148; Pearce v. Texas, 155 U. S. 311, 15 Sup. Ct. 116, and cases there cited. The particular objection made to the affidavit charging the appellee with embezzlement, which was filed in the police court of the city and county of San Francisco, seems to be that it did not describe the particular character of the alleged bailment. It is urged that, because the accused was alleged to have embezzled money which she held as bailee, it was essential to have described the precise character of the bailment, and that because the affidavit fails in this respect it was insufficient, and subject to a demurrer or motion to quash. An early case in California, decided in 1857 (People v. Cohen, 8 Cal. 42), supports that view; but since then the Code of Criminal Procedure in that state has been very much changed, and, as we understand later legislation and later decisions in that state, the affidavit in question would now be held sufficient. The Criminal Code of California now provides that "the indictment or information must contain: * * * (2) A statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." 4 Deering's Ann. Codes & St. Cal. p. 203, § 950. In People v. King, 27 Cal. 507, it was said, in substance, that the Criminal Code of that state was designed to work the same change in pleading and practice in criminal actions that is wrought by the Code of Civil Procedure in civil actions, and that, therefore, it was not always necessary to state the facts constituting the offense with the same particularity as would be required in indictments by the common law. To the same effect was the decision in People v. Cronin, 34 Cal. 191. It has been held repeatedly in that state that an indictment or information, charging an offense in the language of the statute creating it, is sufficient. People v. Girr, 53 Cal. 629; People v. De La Cour Soto, 63 Cal. 165. And in People v. Tomlinson, 66 Cal. 344, 5 Pac. 509. People v. Treadwell, 69 Cal. 226, 10 Pac. 502, and People v. Mahlman, 82 Cal. 585, 23 Pac. 145, the doctrine last stated was applied to indictments charging the offense of embezzlement; that is to say, it was held that an indictment

charging a person with the embezzlement of money intrusted to his care, as an agent or as an officer of an incorporated company, was good if the charge was couched substantially in the language of the statute, although it did not describe the nature of the agency. In the absence of these decisions, we should entertain no doubt that the information or affidavit quoted in the statement charged the offense of embezzlement with sufficient certainty to put the accused on trial, in view of the liberal provisions of the California Code of Criminal Procedure above cited. It must be conceded, we think, that the affidavit charges the commission of an offense with such certainty "as to enable a person of common understanding to know what is intended," and that is the test prescribed by the statute.

Aside from these considerations, we think it is the better view that, in a proceeding by habeas corpus, an executive warrant for the arrest of a fugitive from justice should be upheld, when the foreign indictment or affidavit on which it is based is properly authenticated, and charges an offense committed within the foreign state with reasonable fullness and accuracy. In such a proceeding the executive warrant ought not to be pronounced void, merely because of some technical defect in the foreign indictment or affidavit, provided the offense is substantially alleged or described. Such we understand to be the view that was expressed by the supreme court of the United States in Roberts v. Reilly, 116 U. S. 80, 94, 95, 6 Sup. Ct. 291, and the same view has been adopted by some other courts. Ex parte Pearce, 32 Tex. Cr. App. 301, 23 S. W. 15; In re Roberts, 24 Fed. 132; In re White, 45 Fed. 237; In re Keller, 36 Fed. 681; Kurtz v. State, 22 Fla. 36. The order appealed from is accordingly vacated and annulled, and the case is remanded, with directions to enter an order committing the petitioner, Emma G. York, to the custody of the appellant, the sheriff of Arapahoe county, state of Colorado, to be dealt with by him in accordance with the warrant for her apprehension, which was issued by the governor of the state of Colorado.