### TIBERG v. WARREN et al.

(Circuit Court of Appeals, Ninth Circuit. December 4, 1911.)

No. 1,963.

1. HABEAS CORPUS (§ 112*)—SUPPLEMENTAL RETURN—PERMITTING FILING.

In habeas corpus, it was not prejudicial error to permit filing of a supplemental return after entry of an order discharging petitioner from custody where the return stated matters sustaining an order vacating a prior order, though the proper practice would have been for respondent to make a showing why the former order should not be vacated, accompanying it with a tender of the supplemental return with request for leave to file the same.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 101; Dec. Dig. § 112.*]

2. HABEAS CORPUS (§ 112*)—ORDER OF DISCHARGE—POWER TO VACATE.

An order discharging a petitioner in habeas corpus may be vacated at the same term at which it was entered.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 101; Dec. Dig. § 112.*]

3. HABEAS CORPUS (§ 112*)—PROCEEDINGS ON SUPPLEMENTAL RETURN—RE-ARREST UNNECESSARY.

On revival of a habeas corpus proceeding after petitioner had been discharged, the supplementary proceeding revived the entire issue, and the cause was properly treated as though it were pending or originally instituted, and hence it was unnecessary to rearrest petitioner, under the warrant upon which the supplementary proceedings were had.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 101; Dec. Dig. § 112.*]

4. HABEAS CORPUS (§ 85*)—EXTRADITION—FUGITIVITY OF PETITIONER—PROOF.

On habeas corpus to discharge petitioner under a warrant for his extradition, issuance of the warrant is at least prima facie evidence that petitioner is a fugitive from justice.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. § 85.*]

**5.** EXTRADITION (§ 32*)—BURGLARY AND LARCENY—COMPAINT—SUFFICIENCY.

Under Carter's Ann. Pen. Code Alaska, § 75, making it a felony to break, rob, or attempt to break or rob any flume, mining claim, etc., not his own, a complaint stating that accused feloniously broke, robbed, and attempted to rob and break a flume, sluice box, mining claim, and bedrock of another, etc., sufficiently stated an offense to sustain extradition proceedings; the complaint not being bad for duplicity by alleging a breaking "and" an attempt to break.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 36–38; Dec. Dig. § 32.*]

**6.** INDICTMENT AND INFORMATION (§ 72*)—SUFFICIENCY—CONJUNCTIVE ALLEGATIONS.

Where a statute makes the commission of different acts stated disjunctively an offense, two or more or all of such acts may be embraced in a single count in the indictment, but they should be set forth conjunctively.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 195–199; Dec. Dig. § 72.*]

**7.** EXTRADITION (§ 34*)—PROCEEDINGS—REQUISITES—CERTIFICATES.

Under Rev. St. § 5278 (U. S. Comp. St. 1901, p. 3597), requiring a Governor in making requisition for a fugitive from justice to produce a copy of the indictment or affidavit charging a crime, certified as authentic by him, he need not certify to the official character of the grand jury nor to the officer certifying to the copy of the indictment or the officer before whom the affidavit is subscribed and sworn to, or to the official character of the proper custodian of such document; it being sufficient that the indictment or affidavit be certified to as authentic.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. § 35–38; Dec. Dig. § 34.*]

**8.** EXTRADITION (§ 34*)—REQUISITION PAPERS—IRREGULARITIES—CORRECTION.

Where requisition papers originally contained a certificate designating what was really a complaint, as being an indictment, on correction of the papers as a basis for a supplemental return after accused was discharged from custody on habeas corpus, it was not necessary that the Governor making the requisition have before him the complaint upon which the extradition proceeding was based, where he authorized another to attach to the corrected certificate the original papers.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. § 35–38; Dec. Dig. § 34.*]

**9.** HABEAS CORPUS (§ 113*)—REVIEW—RECORD—SUFFICIENCY.

On appeal in habeas corpus from an order remanding petitioner to custody, he cannot complain that he was denied a full hearing upon his traverse where the record does not disclose that he offered, or was ready to produce, any evidence, and where no objection was made to a determination of the cause.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. § 113.*]

**10.** HABEAS CORPUS (§ 85*)—TRAVERSE OF RETURN—BURDEN OF PROOF.

In habeas corpus, the burden is on petitioner to substantiate the allegations of his traverse.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. § 85.*]

**11.** HABEAS CORPUS (§ 113*)—REVIEW—RECORD—SUFFICIENCY.

On appeal in habeas corpus from a judgment remanding petitioner to custody under extradition proceedings, he cannot complain that the affidavit charging the offense was rendered insufficient by allegations of his traverse that the affidavit was made upon hearsay, where the record

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

does not show that petitioner offered or was ready or desired to go into a trial of the issue so raised.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. § 113.*

Scope of review on habeas corpus to procure release of persons sought to be extradited, see note to Bruce v. Rayner, 62 C. C. A. 506.]

12. EXTRADITION (§ 39*)—DEFENSES—DISCHARGE UNDER CRIMINAL CHARGE.
Dismissal of criminal proceedings in justice court had to detain accused until proper warrant for his extradition could be obtained was no defense to his extradition.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 45, 46; Dec. Dig. § 39.*]

Appeal from the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Habeas corpus proceeding by Johan Tiberg, also known as Edwin Johansen, against Joseph F. Warren, Special Agent of the Department of Justice, and another. From a judgment remanding petitioner to custody, he appeals. Affirmed.

This is a proceeding by habeas corpus instituted by Johan Tiberg, also named Edwin Johansen, to procure his release from custody. His petition was filed in the circuit court, and sets forth in brief that he is unlawfully restrained of his liberty by Robert T. Hodge, sheriff of King county, state of Washington, and Joseph F. Warren, a deputy marshal of Nome, Alaska, and an agent of the Governor of the territory of Alaska; that such restraint is illegal, in this: that petitioner was on September 16, 1910, without warrant of law arrested by Warren and others, and confined in the county jail of King county, Wash.; that on September 27, 1910, Warren entered complaint, charging petitioner with the crime of being a fugitive from justice from Cape Nome, district of Alaska, before John B. Gordon, a justice of the peace in and for King county, who thereupon issued a warrant for petitioner, which was duly executed; that upon October 13, 1910, a hearing was had before the justice, and on November 10, 1910, the charge against petitioner was dismissed; that since the dismissal of said charge petitioner has been unlawfully confined and restrained of his liberty by the said Hodge and Warren on an illegal requisition issued by the Governor of Alaska, which requisition contains no authentic charge against petitioner, and has no indictment such as is required by the laws of the territory of Alaska attached or annexed thereto; that said alleged requisition is defective, in this: that the alleged affidavits thereto attached do not charge petitioner with a crime, and are not authentic, nor certified to be so by the said Governor; that said affidavits purport to be sworn to before Edw. Coke Hill, a notary public, and are not sworn to before a magistrate of the district of Alaska, and that there is no certificate attached to said requisition showing that Hill is a qualified notary public of the district; that said requisition is also defective, in this: that it does not charge that petitioner is a fugitive from justice, but only that it has been so represented to the Governor, and that no authentic representation of such allegation is attached to the requisition, and no indictment by a grand jury has been found against petitioner. The writ was thereupon issued, to which the sheriff and Warren made return that the petitioner is a fugitive from justice from the district of Alaska, and is held by Warren by virtue of a warrant issued by the Governor of the state of Washington, a copy of the warrant being attached, which warrant it is alleged was issued by the Governor of the state upon demand of the Governor of Alaska; that with said demand there was produced a copy of an affidavit made before a magistrate of the district of Alaska charging petitioner with having committed the crime of robbing a mining claim, the copy being attached; that said affidavit was duly certified to be authentic by the Governor of Alaska; that, upon said affidavit, a warrant was duly issued for the arrest

of petitioner, and return thereon was made by the marshal of the district of Alaska "Not found," and that petitioner is confined in the King county jail, Wash., under said Governor's warrant.

On December 1, 1910, the petitioner was, on hearing, discharged from custody under the writ. On December 12, 1910, Warren, the special agent, filed a supplemental return showing that petitioner is a fugitive from justice from Alaska; that the Governor of the state of Washington, upon a second requisition from the Governor of Alaska, has issued to the respondent Warren a warrant, copies of the warrant and requisition being attached; that at the time of making the requisition the Alaska Governor appointed Warren his agent to receive petitioner and to take him to Alaska, a copy of the certificate of appointment being attached; that with said demand there was produced before the Governor of Washington a copy of an affidavit made before a magistrate for the district of Alaska, charging the petitioner with having robbed a mining claim, a copy, with certificate of the magistrate, being attached (the same being the complaint of Campbell and the certificate of George D. Schofield), which affidavit was duly certified to be authentic by the Governor of Alaska, who also certified to the signature of the magistrate, which certificate is also attached. The return prayed that the order discharging the petitioner be set aside, and thereupon that the writ of habeas corpus be quashed, and the petitioner remanded to the custody of the officer.

Leave being granted to file the supplemental return, the petitioner on December 27, 1910, filed a traverse thereto. By this it is alleged that the second warrant issued by the Governor of Washington is insufficient, in that it is based on an alleged requisition made by the Governor of Alaska on the 1st day of December, 1910; that said requisition was not accompanied by any complaint or affidavit of any nature, and to it were attached only two papers, namely, the authorization to Warren and a certificate of the Governor showing that George D. Schofield was on October 14, 1910, a commissioner and ex officio justice of the peace for the district of Nome, and that no other papers accompanied or were annexed to said requisition; that on the 1st day of December, 1910, the Governor of Alaska did not have before him any warrant, complaint, or affidavit charging the petitioner with any crime, but issued said requisition on request from some person in Seattle, Wash.; that the Governor of Washington issued his warrant to Warren on said requisition so made by the Governor of Alaska, and attached to said warrant a complaint and warrant received by him on the former requisition issued by the Governor of Alaska on November 3, 1910; that the requisition of November 3, 1910, was declared a nullity by the court on December 3d; that the complaint sworn to by Campbell is void, in that Campbell did not have personal knowledge of the commission of the crime charged, and that he gained his information respecting the alleged offense from Warren by telegram from Seattle, and that Warren himself possessed no information relative to said offense; that said affidavit and complaint of Campbell does not state a crime, in that it does not state where the crime was committed, nor does it state that anything of value was taken, or give the name of the claim touching which the robbery is alleged; that since the alleged crime was committed a grand jury has been impaneled, and no indictment has been returned against petitioner; that the money and draft taken from the possession of petitioner, aggregating $14,300, and delivered to the clerk of the court at Nome, Alaska, to be held as evidence against petitioner, have been removed from the registry of the court and delivered to the Pioneer Mining Company, and that no evidence of the kind is now available against him.

Upon this state of the pleadings the cause was again heard, which resulted in an order and judgment remanding petitioner to the custody of the officer. From this judgment the petitioner appeals.

The record further shows that petitioner was on September 27, 1910, complained against before John B. Gordon, justice of the peace for Seattle precinct, King county, Wash., as being a fugitive from justice from the district of Alaska; that a warrant was issued by said justice of the peace, and the petitioner was taken into custody thereunder; that the cause was continued from time to time, but was finally dismissed, on motion of the prosecuting attorney, on November 10, 1910, after the petitioner had been arraigned and

pleaded not guilty. It further appears that when the order of the court was made and entered discharging petitioner, and at the request of the district attorney, the court directed the petitioner to execute a bond in the sum of $2,500, which was done, conditioned to abide the result of the appeal. Upon the giving of this bond, the petitioner was ordered released from custody. At the same time a warrant was issued by the circuit judge pursuant to section 1014, R. S. (U. S. Comp. St. 1901, p. 716), and a bond was given by petitioner for his appearance at the hearing for his removal.

Willett & Oleson, for appellant.
Elmer E. Todd, for appellees.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge (after stating the facts as above). [1, 2] The first contention of counsel for appellant is that the Circuit Court erred in permitting the appellees to file the supplemental return, for the reason that the cause had been disposed of by final judgment and the petitioner discharged.

It is not entirely clear from the transcript of record just what the procedure was. The order for petitioner's discharge was made and entered December 1, 1910. The supplemental return was verified on December 12, 1910, and filed the same day. The prayer is that the previous order discharging the petitioner from custody be vacated and set aside, and that the writ of habeas herein be quashed and the petitioner remanded to the custody of the respondents. Next in order in the record appears the bail bond of the petitioner, which he was required by the court to give to abide the order of the Circuit Court of Appeals, should an appeal be taken by respondents from the order dismissing the writ and discharging the petitioner. It was upon the giving of this bond that the petitioner was eventually released from custody. Then appears the traverse to the supplemental return. Following this is the order of the court made December 27, 1910, vacating the former charge, and remanding the petitioner again to the custody of Joseph Warren, one of the respondents. Then comes an order made on the same day, granting leave to file the supplemental return to the writ of habeas corpus theretofore issued. The regular course would have been for the respondents to make a showing why the former order of the court should be vacated, accompanying it with a tender of the supplemental return, with request for leave to file the same. If the showing appeared to be sufficient, the prior judgment would be vacated, and leave granted to file the supplemental return. Then, when the supplemental return was filed, the question would have regularly arisen upon such return, in connection with the original return and the traverse, whether the petitioner should be discharged or remanded to the custody of the officer; the case being heard anew. These are matters formal in character, however, and do not go to the substantial rights of the petitioner. The supplemental return contains matter relevant to the question whether the order of discharge should be vacated, and also pertinent as a further justification for detaining the petitioner. The reasons appearing were ample upon which to base an order for vacating the prior order of discharge, and for granting leave to file the supplemental return it-

self, and the irregularity of the procedure by which it was finally accomplished affords no sufficient ground of error. The vital question is whether the court was without power to vacate its prior order or judgment at all. The order of vacation was made during the same term as the entry of the previous order. "It is a general rule of the law," says the Supreme Court, "that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court." Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797. See, also, Bassett v. United States, 9 Wall. 38, 19 L. Ed. 548; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872. The doctrine has direct application here, and the power of the circuit court to grant the order of vacation must be conceded.

[3] It is further contended that the allegations of the supplemental return are insufficient to justify respondents in restraining petitioner.

The first objection is that the return contains no allegation that the warrant had been served. This relates to the second warrant issued by the Governor of Washington. It must be considered that this return is but supplementary to the original, and is supposed to contain matters only which have transpired since the filing of such original return. That is to say, the respondents justify through the original and the supplemental returns. The two pleadings together constitute their defense. It is doubtful whether the petitioner can be heard to complain that he is not in custody when the very proceeding inaugurated by him is to obtain release from alleged unlawful restraint. True, the petitioner had, in fact, been discharged from custody, but the supplementary proceeding revived the entire issue, and the cause was to be considered as though it were pending as originally instituted. The formal matter of rearresting petitioner under the second warrant was not essential to the justification. The objection is therefore untenable.

[4] It is next objected that it is not shown that the petitioner is a fugitive from justice. The fact is alleged in so many words in both the original and the supplemental return, and the allegation is not denied by petitioner. If the objection be that the proofs were insufficient at the trial to establish the fact, then the answer is that the issue presents a question of fact which the Governor of Washington was called upon to decide upon such evidence as he deemed satisfactory, and the issuance of this warrant is at least prima facie sufficient to justify the removal until the presumption is overthrown by contrary proof. Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544. There was no countervailing proof offered at the trial in the present case. So that, whether the objection be to the sufficiency of the returns, or to the proofs showing the petitioner to be a fugitive from justice, it must be held untenable.

[5, 6] Another objection is that the complaint filed before the commissioner and ex officio justice of the peace in Alaska is demurrable and insufficient upon which to base the proceeding for petitioner's removal.

The complaint is made by one G. W. Campbell, and entitled in the justice's court for the Precinct of Cape Nome, district of Alaska, Second division. It is alleged thereby that said Johan Tiberg, "on the 18th day of July, 1910, in the district aforesaid, and within the jurisdiction of this court, did wrongfully and unlawfully and feloniously break, rob, and attempt to rob and break a flume, sluice, sluice box, mining claim, and bedrock not his own, to wit, the flume, sluice, sluice box, mining claim, and bedrock of Pioneer Mining Company, a corporation, contrary to the form of the statute in such cases made and provided," etc. By section 75 of the Penal Laws of Alaska it is provided:

"That any person who shall break or rob in any manner, or who shall attempt to break or rob, any flume, rocker, quartz, quartz vein, or lode, bed rock, sluice, sluice box, or mining claim not his own, or who shall trespass upon such mining claim, with the intent to commit a felony, shall, upon conviction thereof, be punished by imprisonment in the penitentiary not less than one nor more than five years, or by fine not less than one hundred nor more than one thousand dollars, or by both such imprisonment and fine."

By section 49 of the Code of Criminal Procedure, the indictment is sufficient if it can be understood therefrom:

"That the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

And by section 50 it is further provided:

"That no indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected by reason of a defect or imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The specific objection of duplicity is made to the complaint, because it alleges a breaking and an attempt to break. We understand, however, that where the statute makes the commission of different acts each an offense, and such acts are stated disjunctively in the statute, two or more or all of such acts may be embraced in a single count in the indictment, but that they should be set forth conjunctively; that is to say, where the word "or" appears in the statute the word "and" should be employed in the indictment. State v. Carr, 6 Or. 133. The complaint criticised conforms to that rule. In other respects the offense is sufficiently charged within the purview of the statute governing pleadings in criminal cases in Alaska. Especially is this true where the indictment or complaint is challenged in a removal proceeding. Webb v. York, 79 Fed. 616, 25 C. C. A. 133.

[7] Other objections are made, namely, that the certificate to Geo. D. Schofield's official character is insufficient; that the certificate of the Governor of Alaska does not show the official character of J. F. Hobbes on September 24, 1910, that the signature attached to the jurat is the signature of Hobbes, or that the seal attached is his official seal, or that Schofield was the custodian of the original complaint, warrant, and return thereof on October 14, 1910. The plain answer to these objections is that no such certificates are required by law. The requisition was made under section 5278 of the Revised

Statutes (U. S. Comp. St. 1901, p. 3597). This requires the production by the Governor demanding a fugitive from justice of a copy of the indictment found or affidavit made before a magistrate of his state or territory, charging the person demanded with having committed a crime, "certified as authentic" by him, the demanding Governor. What is it that is required to be certified as authentic? It is the indictment or affidavit made before the magistrate. This is really all the certificate that is required of the demanding Governor, and it is not essential that he go farther and certify to the official character of the grand jury or of the officer certifying to the copy of indictment, or the officer before whom the affidavit is subscribed and sworn to, or to the official character of the proper custodian of such a document. It is sufficient that the indictment or affidavit is certified as authentic. Ex parte Reggel, 114 U. S. 642, 5 Sup. Ct. 1148, 29 L. Ed. 250.

This disposes of the several objections to the return.

[8] It is next urged that the Circuit Court erred in refusing to allow the petitioner to offer testimony under his traverse, and in remanding him to the custody of the officer. To understand fully the question involved, it will be necessary to advert to the record. When judgment was first entered discharging the petitioner from custody, the paper by which the petitioner was charged with the offense designated therein was called an indictment, which was certified to be authentic, when in reality the paper was not an indictment, but a complaint before a magistrate. It was probably this irregularity that prompted the discharge. The supplemental return shows the issuance of another requisition, wherein the paper charging the petitioner with the commission of a crime was properly and truly denominated a complaint. Now, it is alleged in the traverse that said alleged second requisition of the Governor of Alaska was not accompanied by any complaint or affidavit, and that at the time the same was issued the said Governor of Alaska did not have before him any warrant, complaint, or affidavit charging the petitioner with any crime, but issued the said requisition on the request, transmitted by cable, of some person in Seattle; further, that the Governor of the state of Washington issued his warrant on said requisition, and that he attached to said warrant a complaint and warrant received by him on the previous requisition. At the trial, so it appears from the record, the petitioner offered to introduce evidence in support of the traverse. Whereupon the attorney for respondents admitted that the Governor of Alaska, when he issued the second requisition, did not have before him any complaint, indictment, or affidavit, but attached thereto only the papers alleged by the traverse to be so attached, and thereupon sent the requisition, with the attached papers, to Joseph F. Warren in Seattle, Wash., with request that he, the said Warren, attach thereto the complaint previously attached to the first requisition, and the affidavits accompanying the same, which was done, and the whole returned to the Governor of Washington, who thereupon issued his warrant to Warren. Thus the exact manner of issuing the second requisition and the warrant by the Governor of Washington was

made to appear. The question to be decided is whether the alleged irregularity in putting these documents together, and in their certification by the Governor of Alaska, is fatal to the validity of the warrant finally issued by the Governor of Washington.

It is not questioned that the complaint attached to the first requisition is the identical document attached to the second. Further, there can be no doubt about the identity. This being so, the fact that the agent of the Alaska Governor, at the latter's request, attached the document to the requisition after it had been in fact signed and issued, ought not to invalidate the requisition or the warrant issued upon its authenticity. The Governor of Alaska knew what he was certifying to, as he had previously certified to the same document, but under another name, calling it an indictment, and it was not necessary that he attach the same to the requisition by his own hand. That could as well be done by an agent. We conclude that the irregularity shown in making up the requisition is not fatal to its authenticity and validity.

[9, 10]. The record further shows that the petitioner refused to admit that any affidavits were attached to the second requisition before its delivery to the Governor of Washington, whereupon the respondent Warren produced in court the papers which he alleged were presented to the Governor of Washington with said requisition, and the cause was then determined by the court. The petitioner would not admit that the papers produced by Warren were the papers presented to the Governor of Washington, and it seems to be contended that the court determined the cause without according to the petitioner a full hearing upon his traverse. In this it is claimed there was error. The record, however, which contains a bill of exceptions, does not disclose that the petitioner offered or was ready to produce any evidence after the attorney for respondents made the admission in open court as above noted. Nor is it shown what the petitioner would have been able to prove in support of his traverse if allowed to produce his witnesses, and no objection was interposed to the court's then determining the cause. So the cause seems to have gone to the court upon the statements and admissions of counsel for respondents, and the documentary evidence produced by Warren. The burden was upon the petitioner to substantiate the allegations of his traverse, and under the record we find no error in the court's action.

[11] It is further urged, it having been alleged by the traverse that Campbell made his affidavit charging petitioner with the crime designated upon hearsay, that the affidavit was thus rendered insufficient upon which to base the requisition, and likewise the warrant for petitioner's removal or extradition. The contention is fully answered by what is said respecting the trial, if it were otherwise tenable as a defense to the extradition. It does not appear that petitioner offered, or was ready, or desired, to go into a trial of that fact, and he is therefore precluded by the record.

[12] It is suggested that the petitioner was placed in jeopardy by reason of the proceedings in the justice court in Seattle and the dismissal of the complaint filed therein. This was one of the means re-

sorted to for detaining the petitioner until the proper warrant could be had for his extradition, and does not constitute a defense to his removal on requisition.

The judgment of the Circuit Court will be affirmed.