## GLASS v. BECKER, Sheriff et al.

Circuit Court of Appeals, Ninth Circuit.
April 16, 1928.

Rehearing Denied May 21, 1928.

No. 5295.

. Extradition ⊜⇒30—That one charged with a crime fled to another state from fear of mob violence does not alter the fact that he is a fugitive from justice.

That a person charged with a crime fled from the state where the crime was committed to another, where he was arrested for extradiction, from fear of mob violence, does not alter the fact that he is a fugitive from justice.

2. Habeas corpus ⊜⇒54—Allegations in petition for habeas corpus held not to warrant inquiry into motives inducing requisition proceedings.

An allegation in petition for habeas corpus that extradition of petitioner to another state is sought only that he may be delivered to private vengeance *held* not to warrant inquiry by the court into the motives of the requisition officers.

3. Habeas corpus ⊜⇒92(2)—Requisition papers held sufficient, when attacked in habeas corpus proceedings for discharge of prisoner (18 USCA § 662).

Requisition for extradition of person charged with crime, though there were technical defects in the proceedings recited therein charging the offense, *held* not open to attack in a habeas corpus proceeding for discharge of the prisoner, where the Governor of the demanding state has certified, under Rev. St. § 5278 (18 USCA § 662), their sufficiency as basis for issuance of the requisition.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Petition of Edward Glass against Burton F. Becker, Sheriff of Alameda County, California, and another, for writ of habeas corpus. From a judgment denying the writ, petitioner appeals. Affirmed.

W. A. Gordon and H. L. Richardson, both of Oakland, Cal., for appellant.

Earle Warren, Dist. Atty., and J. Paul St. Sure, Asst. Dist. Atty., both of Oakland, Cal., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The appellant, a negro, is held in custody under a warrant of rendition issued by the Governor of California upon a requisition from the Governor of Oklahoma. Sustaining a demurrer to his petition for a writ of habeas corpus, the court, below dismissed the proceeding, and he appeals.

25 F.(2d)—59

If we resort to statements made by both sides in the course of the argument, it would seem that in a tumult of some character occurring in the town of Sapulpa, Okl., on the night of January 2, 1923, two persons were killed; one being an officer named Brumley. Appellant was wounded, and the building in which he was conducting business was burned. Fearing mob violence, so he contends, he fled from Oklahoma and came to Oakland, Cal., where he was residing at the time of his arrest. The charge upon which his extradition is sought is that he feloniously killed Brumley.

[1] There is no merit in the contention that, because he fled out of fear of mob violence, he is not a fugitive from justice in contemplation of law. Motive is not material, and the essential facts that he was in Sapulpa when the alleged offense was committed, and in California when wanted for prosecution, are conceded. Hogan v. O'Neill, 255 U. S. 52, 41 S. Ct. 222, 65 L. Ed. 497.

[2] The petition charges: "That said requisition papers and forms of law have not been instituted to prosecute said Edward Glass according to law, but to deliver him to a convenient place to kill him in the exercise of individual vengeance." But, were we to assume that a case is conceivable where it would be competent for the courts to inquire into the motives of requisition officers, or the probable consequences of rendition, clearly we think this general averment is wholly inadequate to warrant such an inquiry. Marbles v. Creecy, 215 U. S. 63, 69, 30 S. Ct. 32, 54 L. Ed. 92; Pettibone v. Nichols, 203 U. S. 192, 27 S. Ct. 111, 51 L. Ed. 148, 7 Ann. Cas. 1047.

[3] The more serious question is of the formal sufficiency of the requisition papers. Under section 5278, R. S. U. S. (18 USCA § 662), the demand must be supported by a copy of an "indictment found or an affidavit made before a magistrate" of the demanding state charging the person demanded with a crime, "certified as authentic" by the Governor of such state. The only pertinent recital in the requisition here is that, "whereas, it appears by the annexed complaint, which I certify to be authentic and duly authenticated in accordance with the laws of this state (Oklahoma), that Edward Glass stands charged with the crime of murder, committed in the county of Creek, in this state, and it has been represented and satisfactorily shown to me that he has fled from the justice of this state, and has taken refuge in the state of California," etc.

Upon reference to the annexed complaint

it is found to be entitled: "In Justice Court. State of Oklahoma, Creek County—ss. Before A. L. McCaskey, Sapulpa City District. State of Oklahoma, Plaintiff, v. Ed Glass." The opening language of the body of the instrument is: "Before me, the undersigned officer, within and for Creek county, on this day personally appeared Emmett Marshall, and, being by me first duly sworn, says," etc. Thereupon follows a brief statement of ultimate facts, probably sufficient to constitute a charge of the murder of Brumley by Glass. After the signature, "Emmett Marshall," is a jurat of common form, dated May 8, 1926, signed "A. L. McCaskey," but without designation of official position.

Nor is there any indorsement of filing. What appellee refers to as an indorsement turns out not to be such in fact, but is nothing more than a certificate, indorsed upon or appended to what purports to be a copy of the original "complaint," by which one Wolffarth certifies, of date August 30, 1927, that he was on that date justice of the peace in Sapulpa city district, and was the successor to A. L. McCaskey, and "that the foregoing copy of complaint is a true and correct copy of the complaint filed before A. L. McCaskey, justice of the peace, on May 8, 1926, * * * as the same appears on file and of record in said justice of the peace office."

It was competent for him, as an incumbent officer having charge of the files and records of the office, to certify to the correctness of the copy of any file, or record, or any entry therein, but not to certify to McCaskey's official character, or that he had performed any particular official act. If, in fact, the complaint bears indorsement of filing, or there is a record entry of such filing to that effect, the indorsement or entry should have been certified, and not merely the conclusion that the instrument was filed on the specified date.

But it will be noted that in the requisition the Governor of Oklahoma certifies, not only that the "complaint" is "authentic," but that it is "duly authenticated in accordance with the laws" of that state. As a part of such authentication thus referred to, we find a certificate of one Erma Morris, the county clerk of Creek county, Oklahoma, to the effect that on May 8, 1926, McCaskey was the duly qualified and acting justice of the peace of Sapulpa district; that Wolffarth was his successor in office, and was such justice of the peace at the time he made his certificate. And, in turn, Morris' official character is certified by the district judge.

It therefore appears by competent proof

that, at the time the "complaint" was sworn to and the jurat was attached, McCaskey was a magistrate in the state of Oklahoma, and it will be inferred or presumed that, in administering the oath to Marshall and signing the jurat, he acted in that capacity. Furthermore, whether or not he at the time actually indorsed the complaint as filed is not a controlling consideration, for Wolffarth certifies that at the time he made his certificate, and before the requisition was executed, it was on file in his office.

Under such a showing, to hold that it was not an affidavit made before a magistrate would be highly technical, and, to quote from Compton v. Alabama, 214 U. S. 1, 29 S. Ct. 605, 53 L. Ed. 885, 16 Ann. Cas. 1098: "When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective states concerned as a sufficient basis, in law, for their acting—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive—the judiciary should not interfere, on habeas corpus, and discharge the accused, upon technical grounds, and unless it be clear that what was done was in plain contravention of law." See, also, Ex parte Reggel, 114 U. S. 642; 652, 5 S. Ct. 1148, 29 L. Ed. 250; Tiberg v. Warren (C. C. A.) 192 F. 458; In re Strauss (C. C. A.) 126 F. 326; Webb v. York (C. C. A.) 79 F. 616, 622.

Judgment affirmed.