#### OF THE

## STATE OF IOWA

#### AT

## DES MOINES, SEPTEMBER, 1915, TERM,

#### AND IN THE SIXTY-NINTH YEAR OF THE STATE.

---

GEORGE L. TAYLOR, Appellant, v. SCOTT WISE, Appellee.[*]

EXTRADITION: Fugitive from Justice—Facts Constituting—Prima-
1 Facie Showing. A "fugitive from justice," within the meaning
of the Federal law, is one who, on proper showing, has committed
a crime within one state jurisdiction and, when called upon to
answer therein for said crime, is found within the jurisdiction
of another state and refuses to return to the state where the
crime was committed. The determination of the governor of this
state that the accused is such fugitive is *prima facie* correct.

EXTRADITION: Authentication of Papers—Sufficiency. Extradi-
2 tion proceedings reviewed and held to show proper authentication.

EXTRADITION: Habeas Corpus—Scope of Inquiry—Guilt or Inno-
3 cence of Accused. The court may not, on habeas corpus, under-
take to consider or decide the truth or falsity of the charge made
against the alleged fugitive from justice.

[*] This opinion, when rendered, was inadvertently marked "Not to be
Officially Reported". It is inserted at this point to rectify the error.
(Reporter.)

1

*Appeal from Polk District Court.*—HON. LAWRENCE DEGRAFF, Judge.

THURSDAY, JULY 7, 1910.

THE plaintiff, having been arrested upon a requisition issued by the governor of the state of Kansas, addressed to the governor of the state of Iowa, and having been surrendered to the agent of the former state for removal from this jurisdiction, sued out a writ of habeas corpus to effect his release. On hearing in the district court, it was found that the restraint of the plaintiff was legal, and judgment was entered remanding him to the custody of the defendant herein, to be turned over to the custody of the agent of the state of Kansas. The plaintiff appeals.—*Affirmed.*

*S. G. Van Auken* and *Mills & Perry,* for appellant.

*W. H. Wallingford,* for appellee.

PER CURIAM: The objections raised to the sufficiency of the requisition papers and to the showing made before the district court upon the return of the writ of habeas corpus are too numerous to treat in detail. They

1. EXTRADITION: fugitive from justice: facts constituting: prima-facie showing.

take issue upon the sufficiency of such papers under the Federal statutes relating to fugitives from justice, and under the statutes of Kansas relating to extraditions and requisitions for the arrest of an alleged criminal; also upon the sufficiency of the charge that plaintiff had committed any crime, and upon the due authentication of said papers. The charge made against the appellant is, in effect, that in Lyon County, Kansas, on a day named, he obtained the sum of $40 from one Thornburg, as agent of one Wilhite, by false pretenses, in that he drew and delivered to said Thornburg his check for that sum upon a certain bank at Saint Joseph, Missouri, and procured said Thornburg, as agent of Wilhite, to cash

said check, by falsely representing to said Thornburg that he was a man of financial responsibility and that he had funds in or credit with said bank, and that the check would be honored upon presentation. It is further alleged that said representations were false, but that said Thornburg believed them and relied thereon and was thereby deceived and induced to part with said money. We do not take the time and space necessary to set out the papers in full, but we think the charge is sufficient in form and substance to constitute an accusation of the crime mentioned. The showing that appellant is a fugitive is also sufficient. The fact that he left the state of Kansas openly, or that, when he left, he did not do so in flight or with any intent to avoid arrest, is not a decisive consideration. If the act charged was in fact committed by him in that state and, when proceedings were begun for his prosecution, he was found to be within the jurisdiction of another state, the question how or in what manner he made the change of residence is immaterial; and if he declines to return voluntarily to meet the accusation made against him, he becomes a fugitive, within the meaning of the law governing extradition of persons accused of crime. *Roberts v. Reilly*, 116 U. S. 80; *State v. Richter*, 37 Minn. 436; *In re White*, 55 Fed. 54.

Nor do we find any fatal defect or omission in the authentication of the papers. The prosecution appears to have been instituted before a justice of the peace in Lyon County, Kansas. The record is certified by the justice, whose official character is certified to by the clerk of his county. The attorney general of the state certifies that the application for a requisition is in due form under the laws of Kansas, while the governor certifies to the authenticity of the records and of their due form under the laws of that state, and that, by such papers and records, the appellant stands charged with the crime of obtaining money under false pretenses, committed in said county of Lyon, state of Kansas. Under the rule

2. EXTRADITION: authentication of papers: sufficiency.

applied by us in *Morrison v. Dwyer*, 143 Iowa 502, this is to be deemed sufficient.

We cannot, in this proceeding, undertake to consider or decide the truth or falsity of the charge made against the appellant. The sufficiency of the requisition is, in the first instance, for the consideration of the governor of this state, and the determination that the accused is a fugitive, from the demanding state is at least *prima facie* correct. *People v. Pinkerton*, 77 N. Y. 245; *In re Kingsbury*, 106 Mass. 223; *In re Davis*, 122 Mass. 324. To justify his discharge upon habeas corpus after the issuance of such warrant or order, there should be some fatal defect apparent on the face of the record. We find no such defect in this record, and the judgment of the district court remanding this appellant must be—*Affirmed.*

3. EXTRADITION: habeas corpus: scope of inquiry: guilt or innocence of accused.