J. M. HARRIS, Appellant, v. F. L. MAGEE and J. B. RICHARD, as Chief of Police of the City of Sioux City, Iowa, Appellees.

**Extradition:** *Habeas corpus:* SCOPE OF INQUIRY. In extradition proceedings it is not incumbent upon the governor to try the question of guilt or innocence of the accused further than to deter-

mine his identity, whether the venue of the crime charged was properly laid and whether he is a fugitive from justice; and if the substance of the crime charged was committed by the prisoner in another state, and the indictment upon which an application is based on its face fairly charges a violation of the criminal statutes of such state, it is sufficient to authorize the issuance of a warrant of extradition; and the purpose of *habeas corpus* proceedings in such cases is to review the legality of the action of the governor and not to try the question of guilt or innocence of the prisoner.

In this proceeding the indictment is held sufficient to authorize an issuance of the warrant.

**Same:** EVIDENCE THAT ACCUSED WAS A FUGITIVE FROM JUSTICE. The affidavit of the county attorney of the county where an indictment was found, purporting to have been made upon affiant's knowledge, and charging that the accused is a fugitive from justice, is a sufficient compliance with the statute requiring that sworn evidence of that fact shall accompany the application for extradition.

*Appeal from Woodbury District Court.—*HON. J. F. OLIVER, Judge.

TUESDAY, FEBRUARY 7, 1911.

THIS is a habeas corpus proceeding, brought by appellant in the district court of Woodbury county, wherein he challenged the validity of a certain warrant of extradition issued by the Governor of Iowa upon requisition of the Governor of Minnesota, and averred that he was illegally restrained thereunder. Upon hearing, the district court held the warrant of extradition to be valid and discharged the writ of habeas corpus, and remanded the petitioner to the custody of the defendants. The petitioner has appealed. *Affirmed.*

*Sullivan & Griffin,* for appellant.

*Strong & Whitney,* for appellees.

EVANS, J.—The appellant's case is concisely stated in his brief as follows:

About the 1st day of September, 1910, the appellant, J. M. Harris, was apprehended at Sioux City, Iowa, on the charge of being a fugitive from justice of the state of Minnesota, and imprisoned in the city jail of the city of Sioux City, Iowa, awaiting extradition proceedings. On the 10th day of September, 1910, appellant was arrested as such fugitive, under and by virtue of a certain warrant of extradition issued by the Governor of the state of Iowa upon a certain requisition of the Governor of the state of Minnesota, demanding the surrender of said appellant as a fugitive from justice. After such arrest, appellant filed his petition in the district court of Woodbury county, Iowa, in which he alleged that he was illegaly restrained of his liberty by the appellees under said warrant of extradition, and alleged that he was not a fugitive from justice, and that no copy of indictment or affidavit, as required by section 5278 of Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3597), accompanied said requisition or was produced before the Governor of the state of Iowa at the time of the issuance of said warrant, and, further, that there was no competent evidence produced before the Governor of the state of Iowa, at the time of the granting of said warrant of extradition, that the appellant was a fugitive from the justice of the state of Minnesota, and that, therefore, said warrant of extradition was null and void.

It appears from the record that the petitioner was indicted by the grand jury of St. Louis county, Minn., for grand larceny in the first degree, in that he had obtained from one Runquist by false representations certain horses and mules of the value of $950. This indictment furnished the basis of the requisition from the Governor of Minnesota upon which the warrant of extradition was issued by the Governor of Iowa. The principal point argued before us is that such indictment does not charge an offense under the laws of Minnesota. The indictment appears to be based

upon sections 5078 and 5081 of the Revised Laws of Minnesota of 1905. On its face the indictment properly charges the purported offense under these sections of the statute, and the petitioner does not claim otherwise. His contention is that another section of the statutes of Minnesota, being section 5089, provides as follows: "A purchase of property by means of a false pretense is not criminal, where the false pretense relates to the purchaser's means or ability to pay, unless such pretense shall be made in writing and signed by the party to be charged." His argument is that it does not appear from the indictment that the false pretense charged therein was made in writing.

We find nothing in the indictment itself to indicate that the purported offense charged is in any manner covered by section 5089. It does not appear that the indictment is based upon an alleged "purchase," unless it be inferentially; nor does it appear that the false pretense relates to the "purchaser's means or ability to pay." Some evidence was introduced by the petitioner, over the objection of the defendants, to the effect that he was a "purchaser;" but the trial court refused to go into this question.

It must be borne in mind that the purpose of this habeas corpus proceeding is in the nature of a review of the legality of the action of the Governor in issuing a warrant of extradition. It was not incumbent upon the Governor to try the question of the guilt or innocence of the petitioner, or to hear evidence thereon, except so far as it might be necessary to determine the question whether he was a fugitive from justice. The *identity* of the prisoner could be inquired into. Whether the *venue* of the crime charged was properly laid within the demanding state would also be a proper inquiry. But if the substance of the act charged in the indictment was committed by the petitioner while he was within another state, and if the indictment on its face fairly *charged* a violation thereby of the criminal stat-

1. EXTRADITION: *habeas corpus:* scope of inquiry.

utes of such state, it was sufficient to warrant a finding by the Governor that the defendant was a fugitive from justice. It did not devolve upon the Governor to deal with technical defects in the form of the indictment, provided the substance of the offense was charged. Such questions may be properly left to the courts of the states in which the alleged offense has been committed. *In re Greenough,* 31 Vt. 279; *Ex parte Roberts* (D. C.) 24 Fed. 132; *In re Keller* (D. C.) 36 Fed. 681; *In re White* (C. C.) 45 Fed. 237; *Webb v. York,* 79 Fed. 616 (25 C. C. A. 133); *Ex parte Pearce,* 32 Tex. Cr. R. 301 (23 S. W. 15). We find nothing in this record at this point that would justify us in holding the warrant of extradition to be void.

II. It is also urged that the warrant of extradition was issued in violation of section 5171 of our Code, in that no sworn evidence was presented to the Governor that the petitioner was a fugitive from justice. Section 5171 is as follows: "No executive warrant for the arrest and surrender of a person demanded by the executive authority of another state or territory, as a fugitive from the justice of such state or territory, and no requisition upon the executive authority of another state or territory for the surrender of any person as a fugitive from the justice of this state, shall be issued, unless the requisition from the executive authority of such other state or territory, or the application of such requisition upon the executive authority of such other state or territory, is accompanied by sworn evidence that the party charged is a fugitive from justice, and by a duly attested copy of an indictment, preliminary information or complaint, made before the court or magistrate authorized to receive the same." The requisition for the petitioner was accompanied by the sworn statement of the county attorney of St. Louis county, Minn. In form it complied with every requirement of our statute. The petitioner does not claim

2. SAME: evidence that accused was a fugitive from justice.

otherwise; but he contends inferentially that it must have been based upon mere information and belief, and not upon the knowledge of the affiant. Whether an affidavit of such officer, based only upon information and belief, would for that reason be an insufficient compliance with our statute, we have no occasion now to determine. Such affidavit did not purport to be made upon information and belief. On the contrary, it expressly purported to be made upon the affiant's knowledge. The record, therefore, furnishes no basis for petitioner's argument at this point.

The order of the trial court must be *affirmed*.