FRANK B. LEONARD, Appellant, v. E. R. ZWEIFEL et al., Appellees.

**EXTRADITION:** "Fugitive from Justice"—Facts Constituting.
1 The old rule that, to constitute one a fugitive from justice, he must actually flee from the state in order to avoid prosecution, has long ago been abandoned. A "fugitive from justice," within the meaning of Federal law, is one who commits a crime within one state jurisdiction and, when called upon to answer therein, is not there—that is, has removed, it matters not in what manner or for what purpose, to another state jurisdiction.

PRINCIPLE APPLIED: The accused, for several years, and in the course of his employment, collected money for his em-

ployer. On several occasions, he was short in his accounts. His employer rebuked him, but gave him time to make good his shortage, and even encouraged him to remain in his employ. The accused finally told his employer the amount of his shortage, and that he was going to Iowa to enter into other business in order to earn enough to make good the shortage. The employer did not object. Later, when the accused reached Iowa, he so informed his former employer and sent him a small payment. Extradition proceedings soon thereafter were instituted in the foreign state. *Held,* the accused was a fugitive from justice.

**EXTRADITION: Guilt or Innocence of Accused—Duty of Governor.**
2　It is not the duty or even the right of the governor to pass upon the question of the guilt or innocence of one sought to be extradited as a fugitive from justice. His duty is discharged when he determines (a) that an extraditable offense has been regularly charged and (b) that the accused was within the jurisdiction of the demanding state when such offense was committed.

**EXTRADITION: Habeas Corpus—Motive of Prosecution.** When a
3　requisition is made in due form and honored by the governor, it is not within the province of the court upon habeas corpus to inquire into the motive which actuates the prosecution in the foreign state.

*Appeal from Polk District Court.*—Hon. C. S. Bradshaw, Judge.

Wednesday, April 7, 1915.

Rehearing Denied Saturday, October 2, 1915.

The plaintiff was charged with the crime of embezzlement committed in Wisconsin and proceedings for his arrest and prosecution were begun in one of the courts of that state. It appearing that plaintiff was then in Iowa, the governor of Wisconsin issued a requisition demanding his arrest and return to the latter state as a fugitive from justice, and the defendant Zweifel was named as agent of the state of Wisconsin to receive the accused and return him to that state for trial. The requisition was duly honored by the governor of Iowa, who issued a warrant upon which plaintiff was arrested and delivered to Zweifel, and thereupon a writ of habeas corpus for his release was sued out. A return to the writ

was made, showing the facts as above stated, and upon hearing the evidence, the trial court dismissed the proceeding and ordered the remand of plaintiff to the custody of the Wisconsin agent. Plaintiff appeals.—*Affirmed.*

*Graham & Graham,* for appellant.

*Thos. J. Guthrie* and *Miller & Wallingford,* for appellees.

WEAVER, J.—The evidence offered by appellant tended to show that for several years he was employed in Wisconsin as agent for one Whitney for the sale of pianos. On several occasions, his yearly settlement found him short in his account of collections made. Whitney rebuked him for his manner of doing business, but kept' him in his service and gave him time to make the payment. Plaintiff at different times complained to Whitney that the business was becoming unprofitable and that he wished to change, but was encouraged to continue, until, in July, 1913, he announced to Whitney that he was going to Iowa, where he had opportunity to enter other business. He told Whitney he was short in his collections to the amount of several hundred dollars and that his reason or purpose in going was to enable him to earn or obtain the money with which to make the necessary payment. Whitney did not object. On reaching Des Moines, plaintiff informed Whitney of his location and sent him a small payment. Soon thereafter, Whitney instituted the criminal proceedings and later informed the sheriff where the accused could be found.

No objection is raised to the form or substance of the requisition papers, but it is denied that the facts show plaintiff to be a fugitive from justice. It is further said that the evidence clearly shows that the prosecution is an attempt to make use of the criminal law as a measure for the purpose of enforcing the collection of the debt due Whitney. Counsel say, though it does not otherwise appear in the record, that the governor

1. EXTRADITION: "fugitive from justice": facts constituting.

of this state was strongly inclined to refuse to honor the requisition, and that the court was also of the mind to sustain the writ of habeas corpus, except for what seemed to be the decisive precedent found in the opinion of this court in *Taylor v. Wise,* 172 Iowa 1. It is conceded in argument that, under the doctrine of the cited case, appellant must be classed as a fugitive from justice under the meaning of the Constitution and the law upon the subject, but counsel submit that the decision is too sweeping and should be so modified or limited as not to include cases of this kind. In that case, Taylor left the state of Kansas under circumstances tending to negative the idea that he was absconding or seeking to escape prosecution, but we held that this alone did not relieve him from liability to extradition. We there said:

"The fact that he left the state of Kansas openly, or that when he left he did not do so in flight or with any intent to avoid arrest, is not a decisive consideration. If the act charged was in fact committed by him in that state, and when proceedings were begun for his prosecution he was found to be within the jurisdiction of another state, the question how or in what manner he made the change of residence is immaterial, and, if he declines to return voluntarily to meet the accusation made against him, he becomes a fugitive within the meaning of the law governing extradition of persons accused of crime."

This holding then seemed to us, and still seems, to be not only a logical and legal necessity, if we are not to open an easy door to the practical nullification of the constitutional provision, but also to be required by the judicial construction which has been placed thereon by the court of last resort. In *Roberts v. Reilly,* 116 U. S. 80, speaking directly upon this subject it is said:

"To be a fugitive from justice, in the sense of the act of Congress regulating the subject under consideration, it is

not necessary that the party charged should have left the state in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding the prosecution anticipated or begun, but simply that, having within a state committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense, he has left its jurisdiction and is found within the territory of another.''

That the appellant in this case is a fugitive within the meaning which the Supreme Court of the United States has placed upon that term and the meaning which we ourselves have placed upon it, there is no room for doubt. He is charged with embezzlement committed within the state of Wisconsin. The courts of that jurisdiction alone have the power to try the question of his guilt or innocence. He is in the state of Iowa and, unless he voluntarily returns to the state of Wisconsin or is taken back under a warrant of extradition, he escapes trial, and, if in fact guilty, he escapes punishment. All the precedents seem to be quite in accord with our holding in the *Taylor Case* unless it be *In re Tod*, 12 S. D. 386, and in so far as that decision appears to hold otherwise, we think it cannot be approved. The clear purpose of the Constitution in providing for extradition is to prevent the individual states from becoming houses of refuge for persons charged with offenses against the laws of other states. Broadly speaking, the governor to

2. EXTRADITION: guilt or inno- whom a requisition is directed does not and cence of ac- cused: duty of ought not to attempt to pass upon the ques- governor. tion of the guilt or innocence of the accused or the circumstances of the alleged offense, except so far as is necessary to determine that an extraditable offense has been regularly charged and that the accused was, at the date of such alleged offense, within the jurisdiction of the state from which the requisition issues. It is true that the governor to whom the requisition is directed is to some degree

his own interpreter of the Constitution, and extraordinary circumstances have sometimes arisen under which he has looked beyond the formality of the papers and proofs laid before him and refused to order an extradition because he believed it was not demanded in the furtherance of justice. Of the propriety or legality of the executive action in such cases, we are not here called to speak. The requisition has been honored, the executive warrant has been issued, and the accused is in the hands of the proper officer to be returned to Wisconsin. For the reasons stated, the propriety and correctness of the governor's finding that he is a fugitive cannot be successfully questioned.

Adverting briefly to the claim that the criminal law is being made use of by Whitney to coerce the payment of a debt, we think it must be said that, where a requisition is made in due form and is honored by the governor of the state, it is not within the province of the court upon habeas corpus to inquire into the motive which actuates the prosecution. However little credit it may reflect upon human nature, it is doubtless true that in very many, if not in a majority of cases where there has been a conversion of money or property by an employee or agent, the offense is condoned by the employer or principal if the debt is paid or made good, and that many of the cases actually prosecuted would never have been begun if the defaulting servant or agent or their friends had been able to right the financial wrong. Many other cases of a criminal character are instituted by complaining witnesses out of personal spite or in a spirit of revenge or malice. These facts, while pertinent as bearing upon the credibility of testimony, are never considered a sufficient reason for refusing to investigate a case or for discharging the accused if his guilt be fairly established. It is to be presumed that the accused will be given a fair trial in the jurisdiction to which he is returned and that the courts there will not permit themselves to be made the mere instruments of private malice.

3. EXTRADITION: habeas corpus: motive of prosecution.

The appellant may be entirely innocent of crime. The fact, if it be a fact, that he was repeatedly allowed to use for his own purposes the money of his employer may be found sufficient evidence of implied authority to so use the money in the instance complained of to justify a reasonable doubt of his guilt and call for his acquittal; but all these matters are for the consideration of the tribunal having jurisdiction of the case on its merits. It is manifestly impossible, not to say improper, to consider and pass upon such questions in a habeas corpus proceeding in a foreign state, and the trial court did not err in so ruling. The fact that the prosecuting witness may have known of the appellant's departure from Wisconsin or may even have consented thereto is of no moment except so far as it may bear upon the merits of the question whether he had not expressly or impliedly consented to appellant's use of the money. It cannot affect the validity of the warrant of extradition.

It follows that the order of the trial court remanding the appellant to the custody of the agent holding the warrant must be—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.