G. H. EDMUNDS, Appellant, v. JOHN GRIFFIN et al., Appellees.

**EXTRADITION:** **Fugitive from Justice—Alibi as Defense—Habeas**
1  **Corpus.** One who is a "fugitive from justice" and duly held under an executive order of the governor of this state—that is, one who admits that he was within the demanding state when the alleged crime was committed—is not entitled to a release on habeas corpus by showing an *alibi.*

**EXTRADITION:** **Indictment or Information—Sufficiency—By What**
2  **Law Tested.** On extradition, an indictment must be tested by the law of the state where it was returned. So *held* where the indictment for murder was in statutory "short form," to wit: "That the defendant did then and there feloniously, wilfully, deliberately, premeditatedly, and of (his) malice aforethought, kill and murder one Pliny Lester."

*Appeal from Polk District Court.*—W. S. AYRES, Judge.

THURSDAY, FEBRUARY 17, 1916.

REHEARING DENIED THURSDAY, JULY 6, 1916.

HABEAS CORPUS proceedings to secure the release of plaintiff from the custody of defendant sheriff and an agent of the state of Colorado, who are holding him under an executive

order issued by the governor of this state upon requisition of the governor of Colorado. The trial court denied the application, and plaintiff appeals.—*Affirmed.*

*John T. Clarkson, E. J. Kelly, S. Joe Brown* and *Walter McHenry,* for appellant.

*Thos. J. Guthrie* and *Miller & Wallingford,* for appellees.

DEEMER, J.—Plaintiff was indicted by the grand jury of Huerfano County, Colorado, for the crime of murder. The indictment was in short form, as follows:

"That the defendant did then and there feloniously, wilfully, deliberately, premeditatedly, and of (his) malice aforethought kill and murder one Pliny P. Lester, contrary to the form of the statute," etc.

The indictment was in exact conformity with the statutes of Colorado. See Colorado Statutes of 1908, p. 577, Section 1956, reading as follows:

"Sec. 349. All exceptions which go merely to the form of an indictment shall be made before trial, and no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in such indictment; no indictment shall be quashed for want of the words, 'with force and arms,' or of the occupation or place of residence of the accused, nor by the reason of the disqualification of any grand juror or grand jurors; and in any indictment for murder or manslaughter it shall not be necessary to set forth the manner in which or the means by which the death of the deceased was caused, but it shall be sufficient in every indictment for murder to charge that the defendant did feloniously, wilfully, and of his malice aforethought kill and murder the deceased; and it shall be sufficient in every indictment for manslaughter to charge that the defendant did feloniously kill and slay the deceased. [G. S. § 926; L. '79, p. 50, § 1, amending G. L. § 786, R. S. p. 236, § 180.]"

At the time the indictment was returned, plaintiff was

not in the state of Colorado, but had come to Iowa, where, shortly after the return thereof, he was arrested, and, the governor having honored a requisition from the governor of Colorado, he was turned over to the agent thereunto appointed, and this proceeding was to secure his release from cus-

1. Extradition: fugitive from justice: alibi as defense: habeas corpus.

tody. When the issues were settled by pleadings, plaintiff filed a motion for continuance, in order to secure the attendance of witnesses by whom he could prove an alibi: that is, that, though in Colorado at the time the crime is alleged to have been committed, he was not in Huerfano County, but in Colorado City or Denver, and could not have committed the offense. Objections to this were made on various grounds, and the motion was denied. The case then went to hearing, but no testimony was introduced save to present the records, documents and writs issued by the executive heads of the two states, and the Statutes of the state of Colorado. These all appear to be in proper form, and the only questions arising on this appeal relate to the ruling on the motion for a continuance, and the sufficiency of the indictment. Other matters are discussed, but, as they are not substantiated by the record, we shall give them no attention. The ruling on the motion to continue was largely discretionary with the trial court. The requirements of the statute were not fully met, and on this ground alone the motion might have been denied. Aside from this, all that plaintiff expected to show by the witnesses named by him in his motion was that, while he was in the state of Colorado at the time the offense is said to have been committed, he was not in the county where the murder is alleged to have been committed, and, therefore, could not have committed it—in other words, an alibi. Such a showing would not entitle him to a release. He was a fugitive here, according to well-established rules, and the question of his guilt or innocence must be determined by the courts of the demanding state. This matter has so recently been decided by us that we need do no more than cite the authorities in support of the rule

*Leonard v. Zweifel,* 171 Iowa 522; *Taylor v. Wise,* 172 Iowa 1; *Harris v. Magee,* 150 Iowa 144.

II.    Again, it is said that the indictment against the petitioner lacks the essential elements necessary to constitute a charge of murder.   It does follow the Colorado statute, although it would doubtless be insufficient under our law.   But the indictment is to be tested by the law of the place where found. Recognizing this principle, the petitioner, nevertheless, contends that the Colorado statute from which we have quoted is unconstitutional, in that it deprives petitioner of due process of law, of the right to know what the offense is that is charged against him and all the particulars thereof.

2. EXTRADITION: indictment or information: sufficiency: by what law tested.

It is also claimed that such a statute is in contravention of the Bill of Rights of the Federal Constitution and of the Constitutions of both states, and is unreasonable and arbitrary and should be so pronounced by this court.   This statute has reference to procedure only, and to the form of an indictment for murder.   It is within the power of each state to regulate its own procedure, and a statute for this purpose must clearly offend against some constitutional provision before it will be declared void by the courts.   Counsel have not pointed out any constitutional provision, either state or national, which covers the point; but they do insist upon some generalities which they seem to think cover the case.   We find nothing upon which to base the argument.   On the contrary, the Colorado court has sustained the statute against such an attack. *Jordan v. People* (Colo.), 36 Pac. 218, 220.   See, also, *Ryan v. People* (Colo.), 114 Pac. 306; *Andrews v. People* (Colo.), 79 Pac. 1031; *Cremar v. People* (Colo.), 70 Pac. 415.   The reasoning of the Colorado court is sound, and although not conclusive upon us, it is so persuasive that nothing need be added.   It is there said:

"The statute, taking its origin in England, has been

adopted in a number of our states; and, so far as we are advised, wherever the question has been raised, the statute has been held constitutional, and indictments in the form provided held sufficient to charge murder of the first degree. 2 Bish. Cr. Proc. (2d Ed.) §§ 523–539, and cases cited. The act is not in conflict with the section of the bill of rights providing that 'in criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation.' Const. Art. 2, § 16. An information must show the nature and cause of the accusation, i. e., it must set out the crime charged. It need not set out the mode or manner of its perpetration, or the instrument or agency employed to accomplish the result." *Jordan v. People*, supra.

We reach the conclusion that the trial court properly denied the writ, and the order must be and it is affirmed, and petitioner is ordered delivered to the defendant Miller as agent for the state of Colorado.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.