PERRY E. SEELY, Appellee, v. PAUL T. BEARDSLEY et al., Appellants.

EXTRADITION: Interstate—Allowable Issues on Habeas Corpus. A person sought to be extradited to another state as a fugitive from justice may, on habeas corpus, show (provided he can do so by *practically conclusive testimony)*, that he is not a fugitive from justice: i. e., that he was not within the jurisdiction of the demanding state when the alleged crime was committed. He may not, *in such proceeding*, show that he is innocent of the crime charged.

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

NOVEMBER 21, 1922.

APPEAL from a judgment of the district court of Iowa in and for Woodbury County granting a writ of habeas corpus and ordering the discharge of the petitioner from custody. Defendants appeal.—*Reversed.*

*O. T. Naglestad,* County Attorney, and *Alfred Pizey,* Assistant County Attorney, for appellants.

*Carlos W. Goltz,* for appellee.

DE GRAFF, J.—The cause of restraint as alleged is by virtue of an executive warrant issued by the governor of the state of Iowa on a requisition made by the governor of the state of Nebraska. There was no hearing had before the governor of

this state. The sufficiency of the requisition papers is not in question. The executive authority of the demanding state as well as the executive authority of this state found no defect therein. The trial court ruled that the petitioner is not a fugitive from the justice of the state of Nebraska. The proceedings being regular in form, it was incumbent upon the petitioner to establish that he is not a fugitive from justice. *Morrison v. Dwyer,* 143 Iowa 502.

The petitioner was originally charged by information in Douglas County, Nebraska with the crime of wife desertion and child abandonment, and being found in the state of Iowa, was arrested as a fugitive from the justice of the state of Nebraska.

The defendants admit by answer that they have the petitioner in their custody under and by virtue of an executive warrant issued by the governor of the state of Iowa authorizing and empowering the defendant Chas. W. Hoye, as agent of the state of Nebraska, to take and transport the petitioner to the line of the state of Iowa, but deny that the facts alleged in the petition entitle the petitioner to the relief demanded or to any relief.

The following questions are presented on habeas corpus in a case of this character: (1) the identity of the alleged fugitive (2) whether the crime was committed in the foreign state under its laws (3) whether the indictment or information charges a crime under such foreign laws and (4) whether the person apprehended is within the constitutional meaning of the term "a fugitive from justice." *People v. Higgins,* 109 Misc. Rep. 328 (178 N. Y. Supp. 728).

But one of these questions is within the purview of this appeal, to wit: Is the petitioner Perry E. Seely a fugitive from the justice of the state of Nebraska?

The petitioner is the husband of the woman and the father of the child mentioned in the information, and for several years prior to his arrest had been a resident and citizen of the state of Nebraska. About May 1st, 1920 he personally engaged in the moving picture business at Prairie City, Iowa. Before leaving Omaha he had an understanding with his wife that if the business was successful she would come and live with him. His venture proved unsuccessful and in the latter part of June

he returned to Omaha. The complaint and information charges the abandonment on or about the 3rd day of July, 1920 and the place of the abandonment the city of Omaha, Douglas County, state of Nebraska. The accompanying affidavit of his wife Emma M. Seely states that the petitioner Perry E. Seely was personally present in Douglas County, Nebraska at the time of said abandonment by him of his said wife and child on or about the 3rd day of July 1920. The evidence of the petitioner discloses that he was in Omaha on or about the date alleged and that he came to Sioux City, Iowa from Omaha on or about said date. His own evidence proves with reasonable certainty that he left Douglas County, Nebraska about July 3rd, and concerning this fact there is no dispute.

In the first instance the responsibility of determining whether an accused person is a fugitive from the justice of the demanding state rests upon the executive of the state in which the accused is found. *Ex parte Reggel,* 114 U. S. 642 (29 L. Ed. 250). Independent proof, apart from the requisition papers, that the accused is a fugitive need not be demanded by the governor of the surrendering state before issuing his warrant of arrest in extradition proceedings. *Pettibone v. Nichols,* 203 U. S. 192 (51 L. Ed. 148).

The executive of the asylum state performs his full duty when he determines (1) that an extraditable offense has been regularly charged and (2) that the accused was within the jurisdiction of the demanding state when the offense charged was committed. *Leonard v. Zweifel,* 171 Iowa 522.

"When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective states concerned as a sufficient basis, in law, for their acting —the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive—the judiciary should not interfere, on habeas corpus, and discharge the accused, upon technical grounds, and unless it be clear that what was done was in plain contravention of law." *Compton v. State of Alabama,* 214 U. S. 1 (53 L. Ed. 885).

The determination by the executive of the surrendering state that the sworn evidence accompanying the requisition is

sufficient to establish the facts upon which the requisition is based is not conclusive. *Jones v. Leonard,* 50 Iowa 106; *In re Cook* (C. C. E. D. Wis.) 49 Fed. 833. The issuance of the warrant constitutes, however, a prima-facie showing which "may be rebutted under a writ of habeas corpus by admissions or other conclusive evidence." *Hyatt v. People* 188 U. S. 691 (47 L. Ed. 657).

It is upon the petitioner under such circumstances to prove that he is not in fact a fugitive from justice and the burden requires evidence which is practically conclusive. *Ex parte Montgomery,* 244 Fed. 967; *Roberts v. Reilly,* 116 U. S. 80 (29 L. Ed. 544).

The presence of the accused in another state is sufficient, if unexplained and uncontradicted, to warrant his return to the demanding state upon formal and regular requisition and either upon a hearing before the governor, which is not a constitutional right, or upon a hearing on habeas corpus, if the record presents merely contradictory evidence on the subject of presence in or absence from that state, a warrant properly issues. *Munsey v. Clough,* 196 U. S. 364 (49 L. Ed. 515).

What constitutes a fugitive from justice? Two things are essential, to wit: (1) that the accused having been in the demanding state at the time charged has left it and is within the jurisdiction of another and declines to return voluntarily; and (2) that he incurred guilt before he left the former state, and while he was bodily present in that state. *Taylor v. Wise,* 172 Iowa 1; *Taft v. Lord,* 92 Conn. 539 (103 Atl. 644, L. R. A. 1918 E 545).

It is proper, therefore, for the person arrested on a requisition warrant to have tried on habeas corpus the issue of fact whether he is a fugitive from justice. *Ex parte Jowell,* 87 Tex. Cr. Rep. 556 (223 S. W. 456, 11 A. L. R. 1407); *In re Tod,* 12 S. D. 386 (81 N. W. 637); *Ex parte Reggel,* supra.

Was the petitioner in the demanding state when the crime charged was committed? This is the controlling question. It is a jurisdictional fact. A person cannot be a fugitive from justice for the purpose of interstate extradition unless he was in the demanding state when the crime charged was committed.

*State v. Wellman,* 102 Kans. 503 (170 Pac. 1052, Ann. Cas. 1918 D. 1006); *State v. Hall,* 115 N. C. 811 (28 L. R. A. 289 with note); *People v. Hyatt,* 172 N. Y. 176 (60 L. R. A. 774); *Appleyard v. Massachusetts* 203 U. S. 222 with note in 7 Ann. Cas. 1076; *Bassing v. Cady,* 208 U. S. 386 (52 L. Ed. 540).

To be a fugitive from justice within the meaning of the Federal law it is sufficient that such person legally charged in the demanding state with the commission of a crime within said state, when sought to be subjected to its criminal process for said offense, has left its jurisdiction and is found within the jurisdiction of another state upon whose executive requisition is made. When it is shown that a person is in due and legal form charged with a crime in one state, and that he was corporeally present in that state at the time of the commission of the crime charged it is then conclusively established that such person is a fugitive from justice within the meaning of the Constitution. If the accused person is not within the purview of this definition he could not be a fugitive from the justice of the demanding state and his surrender should be denied. *Innes v. Tobin,* 240 U. S. 127 (60 L. Ed. 562).

In the determination of this question a court is not concerned with the guilt or innocence of the petitioner. The difficulty in the instant case is in the differentiation of the evidence which tends to prove the innocence of the accused and his not being a fugitive from justice. This is clearly indicated by the opinion filed by the trial court. If the uncontroverted record before us should prove to be the record before the *nisi prius* court upon the trial of the indictment for the crime charged it would be the right and the duty of the trial judge to dismiss the proceedings.

The evidence upon which the appellee relies to sustain the ruling of the trial court in the case at bar gravitates around the following points: (1) the motive and reason of the petitioner in leaving Omaha (2) the quantum of support given by the accused to his wife and child prior to the filing of the information (3) the invitation and request of the petitioner to his wife to live with him in Sioux City, Iowa and her refusal (4) that his wife was seeking a divorce from him (5) the perjury on the part of

the wife in filing the information and the fraudulent procuring of the warrant thereunder. These matters are properly defensive upon the trial of the crime charged, but are not proper subjects of inquiry on habeas corpus. They are relevant upon the merits of the case upon trial to determine the guilt or innocence of the accused, but are immaterial on habeas corpus proceedings. The evidence which our courts, both state and Federal, hold must be practically conclusive has reference to the identity of the accused and his presence in the demanding state at the time charged in the information or indictment upon which requisition issued.

This court appreciates that equitable or personally meritorious considerations, with which this record is replete, cannot govern or control the disposition of the legal question involved. The constitutionally required surrender is not to be frustrated by the summary process of habeas corpus upon speculations as to what ought to be the result of a trial in the place where the Constitution provides for its taking place. *Drew v. Thaw,* 235 U. S. 432 (59 L. Ed 302).

Upon a critical consideration of the entire record and the well considered law governing the principle involved, we hold that the trial court was in error in discharging the prisoner from the custody of and restraint by the defendants. The writ should have been denied. Wherefore the judgment entered is—*Reversed.*

STEVENS, C. J., EVANS, PRESTON, ARTHUR, and FAVILLE, JJ., concur.

WEAVER, J., dissents.