WILLIAM S. BICKNELL, Appellant, v. TOM FARLEY, Chief of Detectives, et al., Appellees.

No. 46046.

OCTOBER 20, 1942.

Yeaman & Yeaman, of Sioux City, for appellant.

M. E. Rawlings, County Attorney, and Tom E. Murray, Assistant County Attorney, of Sioux City, and Mort B. Skewes, County Attorney, of Luverne, Minnesota, for appellees.

WENNERSTRUM, C. J.—This appeal is occasioned by reason of a habeas corpus proceeding brought by the appellant, William S. Bicknell, who at the time of the commencement of this action was held by Sioux City and Woodbury county, Iowa, authorities on an extradition warrant issued by the Governor of the State of Iowa. The appellant asserted that his restraint was illegal, and further contended that, although he was sought to be returned to the state of Minnesota on a criminal charge then

pending in that state, he had never been in the state of Minnesota. The writ was quashed by the trial court and Bicknell has appealed.

It seems essential to set out certain of the proceedings. On March 11, 1942, appellant made application for a writ of habeas corpus, in which he alleged the facts as have heretofore been set forth. Upon the return of the writ, the appellees asked for a continuance until March 24, 1942, in order that they might obtain the presence of the authorities from Minnesota and to permit appellees to properly answer the petition presented. The continuance was agreed to by the appellant. On March 24th an answer was filed by appellees, wherein they stated that the appellant was being held substantially as alleged in his application, and further asserted that he was held by reason of an executive warrant of extradition issued by the Governor of the State of Iowa. A copy of this warrant was attached to the answer filed.

On the date last mentioned, when this cause was before the trial court for consideration, an argument developed between counsel for appellant and appellees as to which party had the burden of proof. The court held that it was incumbent upon the appellant to assume the burden of proof that he was not a fugitive from justice. Upon the announcement of the court's ruling, counsel for appellant moved the court to grant a further continuance until such time as he would be able to secure the records from the governor's office and further show that he was not a fugitive from justice. The court denied the appellant's application for an extended continuance but did set the matter down for hearing for the next day. Upon the reconvening of the court, the appellant moved to strike from the files the answer presented by the appellees. This motion was overruled. The appellant then made a motion to sustain the writ and release the applicant, it being asserted that there was no evidence in the record showing that the applicant had ever been in the state of Minnesota and that there was no evidence that he had ever been indicted in that state or that any charge had ever been filed against him there. The court quashed the writ and returned the appellant to the appellees for custody.

It is contended by the appellant: (1) That the trial court erred in placing the burden of proof upon him to show that he was not a fugitive from justice; (2) that the court erred in refusing to grant the appellant's request for continuance in order to give him an opportunity to subpoena the governor's files; (3) that the court erred in refusing to sustain the appellant's motion to strike the appellees' answer from the files; (4) that the court erred in quashing the writ, for the reason that there was not any evidence in the record showing that the appellant was a fugitive from justice.

I. We hold that the trial court did not err in placing the burden of proof upon the appellant in this case.

In the case of South Carolina v. Bailey, 289 U. S. 412, 417, 53 S. Ct. 667, 669, 77 L. Ed. 1292, involving the question as to the burden of proof in a habeas corpus proceeding growing out of the holding of an individual on a warrant of extradition, it is stated:

"Prima facie Bailey was in lawful custody and upon him rested the burden of overcoming this presumption by proof. McNichols v. Pease, 207 U. S. 100, 109."

In the case of People ex rel. McNichols v. Pease, 207 U. S. 100, 109, 28 S. Ct. 58, 61, 52 L. Ed. 121, 125, it is stated:

"One arrested and held as a fugitive from justice is entitled, of right, upon habeas corpus, to question the lawfulness of his arrest and imprisonment, showing by competent evidence, as a ground for his release, that he was not, within the meaning of the Constitution and laws of the United States, a fugitive from the justice of the demanding State, and thereby overcoming the presumption to the contrary arising from the face of an extradition warrant."

It is further said in this last-cited case at page 112 of 207 U. S., page 62 of 28 S. Ct.:

"When a person is held in custody as a fugitive from justice under an extradition warrant, in proper form, and showing upon its face all that is required by law to be shown as a prerequisite to its being issued, he should not be discharged from

custody unless it is made clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States.''

It appears to us that our court, in the case of Seely v. Beardsley, 194 Iowa 863, 866, 190 N. W. 498, 500, has passed upon the question as to who has the burden of proof in an action such as is presented before us on this appeal. In this last-cited case we said:

''It is upon the petitioner under such circumstances to prove that he is not in fact a fugitive from justice and the burden requires evidence which is practically conclusive. Ex parte Montgomery, 244 Fed. 967; Roberts v. Reilly, 116 U. S. 80 (29 L. Ed. 544).

''The presence of the accused in another state is sufficient, if unexplained and uncontradicted, to warrant his return to the demanding state upon formal and regular requisition and either upon a hearing before the governor, which is not a constitutional right, or upon a hearing on habeas corpus, if the record presents merely contradictory evidence on the subject of presence in or absence from that state, a warrant properly issues. Munsey v. Clough, 196 U. S. 364 (49 L. Ed. 515).''

In the case of Taylor v. Wise, 172 Iowa 1, 4, 126 N. W. 1126, 1127, in passing upon a question somewhat akin to the one now presented, we said:

''We cannot, in this proceeding, undertake to consider or decide the truth or falsity of the charge made against the appellant. The sufficiency of the requisition is, in the first instance, for the consideration of the governor of this state, and the determination that the accused is a fugitive from the demanding state is at least *prima facie* correct. People v. Pinkerton, 77 N. Y. 245; In re Kingsbury, 106 Mass. 223; In re Davis, 122 Mass. 324. To justify his discharge upon habeas corpus after the issuance of such warrant or order, there should be some fatal defect apparent on the face of the record. We find no such defect in this record, and the judgment of the district court remanding this appellant must be—Affirmed.''

Attention is also called to 25 Am. Jur. 247, section 150; Walker v. Johnston, 312 U. S. 275, 61 S. Ct. 574, 85 L. Ed. 830.

The record in this case shows that the appellant presented no evidence whatsoever in connection with his application for a writ of habeas corpus. It is contended by counsel for appellant that he was not in a position to present evidence by reason of the court's ruling on his motion for a continuance. Our comments as to this motion will be hereinafter noted. Upon the record presented, we hold that the appellant in no manner met the burden of proof that was placed upon him.

II. The matter of continuance in any case is discretionary with the court. It is shown that some 13 days had elapsed between the time the appellant was first brought into court and the reconvening of the hearing on March 24th. The appellant knew, or should have known, what would be required of him to sustain his application for a writ of habeas corpus. We hold that there was no abuse of discretion on the part of the trial court in refusing to grant a continuance.

III. The appellant's motion to strike the appellees' answer is without merit. This answer sets forth the fact that appellant was held by reason of extradition proceedings before the Governor of the State of Iowa upon the requisition of the Executive Department of the State of Minnesota. As is stated in Taylor v. Wise, supra:

"To justify his discharge upon habeas corpus after the issuance of such warrant or order, there should be some fatal defect apparent on the face of the record."

To sustain appellant's motion to strike would amount to a questioning of the sufficiency of extradition. This is a burden which is placed upon the appellant. The overruling of this motion was proper.

IV. It is contended by the appellant that there is no evidence in the record showing that the appellant is a fugitive from justice. This contention has been answered by our comments in division I of this opinion and does not necessitate any further amplification.

V. Appellees have submitted a motion to strike the court's

ruling granting to the appellant the right to file an appeal bond, but we do not deem it necessary to pass upon this and other matters presented upon this appeal as they will undoubtedly receive attention in connection with further proceedings in this case.

Upon the whole record, we hold that the trial court was correct in its rulings and that it should be affirmed.—Affirmed.

All JUSTICES concur.