LESTER THOMAN, Appellant, v. ARNOLD HARRIS, Agent for the Governor of Wisconsin, et al., Appellees.

No. 46748.

OCTOBER 16, 1945.

John J. Kintzinger, of Dubuque, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, E. J. Kean, County Attorney, and Alfred R. Gandrey, of Milwaukee, Wisconsin, for appellees.

OLIVER, J.— ▮ Lavina M. Bahl made information under oath in Wisconsin, charging appellant with the crime of kidnaping, for that on November 21, 1944, appellant, Lester Thoman, kidnaped her natural son, Richard Edward Bahl, aged six years, from her lawful custody and control in said state and forcibly took said child into Iowa. Thereafter the Governor

of Wisconsin demanded the extradition of appellant. The Governor of Iowa granted the requisition and issued his executive warrant, under which appellant was arrested by the sheriff of Dubuque County, Iowa, and held for delivery to the agent for the state of Wisconsin.

Thereupon appellant filed his petition for a writ of habeas corpus setting out the extradition documents and the executive warrants under which appellant was held and alleging his restraint was illegal; that he was the natural father of Richard; that about one year after Richard's birth Lavina M. Bahl delivered said child to appellant and surrendered to appellant all her rights in and to its custody, reserving only the right of visitation at appellant's home; that said child remained in the custody and control of appellant in Dubuque, Iowa, until October 1944, when, without appellant's consent, Lavina took said child to Milwaukee, Wisconsin; that shortly thereafter appellant went to Milwaukee and said child willingly accompanied appellant to his home in Dubuque; that Lavina, having abandoned said child and delivered possession thereof to appellant about one year after its birth, and having since failed to contribute to the support of said child, had deprived herself of her maternal rights of possession; that appellant is (and was) entitled to the custody of said child as its natural father and was not guilty of the crime of kidnaping in taking said child.

Appellees' answer states appellant is held under the executive warrants issued by the Governor of Iowa and denies that the matters alleged in the petition entitle appellant to the relief demanded or to any relief. At the conclusion of the trial the court denied the discharge sought by appellant.

I. Appellant's principal complaint is that the trial court erred in excluding testimony of appellant, his wife, and a doctor to the effect that appellant was the natural father of the child, and that Lavina, the unwed mother, had previously abandoned said child and surrendered to appellant her rights to its custody, substantially as alleged in appellant's petition; and also a certificate of baptism of the child. Appellant asserts the proffered evidence showed he was entitled to the custody of Richard and hence could not be guilty of kidnaping said child.

The rulings excluding the proffered evidence were correct. Upon the face of the record in the extradition proceeding appellant stood·substantially charged with the crime of kidnaping. The rule is well settled that in a habeas corpus action of this nature the petitioner may not introduce other proof for the purpose of establishing his innocence of the charge. In Seely v. Beardsley, 194 Iowa 863, 868, 190 N. W. 498, 501, we held a petitioner in such a case may not show his innocence of the charge, saying:

"These matters are properly defensive upon the trial of the crime charged, but are not proper subjects of inquiry on habeas corpus. They are relevant upon the merits of the case upon trial to determine the guilt or innocence of the accused, but are immaterial on habeas corpus proceedings."

Taylor v. Wise, 172 Iowa 1, 4, 126 N. W. 1126, 1127, states:

"We cannot, in this proceeding, undertake to consider or decide the truth or falsity of the charge made against the appellant."

Edmunds v. Griffin, 177 Iowa 389, 391, 156 N. W. 353, 354, states: "the question of his guilt or innocence must be determined by the courts of the demanding state."

Among other authorities adopting or recognizing the rule are Leonard v. Zweifel, 171 Iowa 522, 151 N. W. 1054; Harris v. Magee, 150 Iowa 144, 129 N. W. 742; Drew v. Thaw, 235 U. S. 432, 35 S. Ct. 137, 59 L. Ed. 302; Biddinger v. Commissioner of Police, 245 U. S. 128, 38 S. Ct. 41, 62 L. Ed. 193. See. also, 25 Am. Jur. 200; 39 C. J. S. 561.

Appellant calls attention to the rule that one arrested and held as a fugitive from justice may show he was not a fugitive from justice. See Bicknell v. Farley, 232 Iowa 464, 466, 5 N. W. 2d 831. Appellant then refers to a definition of the term "fugitive from justice," in Seely v. Beardsley, supra, 194 Iowa 863, 866, 190 N. W. 498, 500, and quoted in Drumm v. Pederson, 219 Iowa 642, 646, 259 N. W. 208, 210, which is, in part: "(2) that he incurred guilt before he left the former state, and while he was bodily present in that state."

Pointing to the language "incurred guilt," appellant

892

argues that in a habeas corpus proceeding one may show he is not a fugitive from justice by showing he did not incur guilt. This contention is not well founded. The definition in question is appropriate to the point under consideration in the cases where it has been employed, to wit, whether the accused was physically, as distinguished from constructively, present in the demanding state at the time the crime is alleged to have been committed. However, it is clear from the context of said cases that there was no intention to depart from the rule that courts of the asylum state will not try the merits of the charge in the habeas corpus proceeding.

██ II. Appellant contends the factual allegations of the petition, upon which he based his pleaded conclusion that his taking of the child was not a crime, were not denied and that the same must be deemed admitted. Rule 102, Rules of Civil Procedure. Were that contention sustained, such admitted facts would not have entitled appellant to discharge in this habeas corpus proceeding.

However, no such proposition was raised in the trial court. There appellant proceeded to offer evidence in support of said allegations and the cause was tried upon the theory that the same were denied. Hence appellant may not upon appeal take advantage of the absence of a formal denial of such allegations. Independent Van & Storage Co. v. Iowa Mercantile Co., 189 Iowa 874, 877, 179 N. W. 157.

There is no contention that the requisition papers or the executive warrant were invalid or defective. It is admitted that appellant was present in the state when the acts in question were committed. Under the record the court properly denied the discharge of appellant.—Affirmed.

MILLER, C. J., and BLISS, GARFIELD, WENNERSTRUM, MANTZ, and MULRONEY, JJ., concur.

SMITH, J., takes no part.

HALE, J., not sitting.