### PEOPLE *v.* COLEMAN.

1. PARENT AND CHILD—ABILITY OF FATHER TO PROVIDE SHELTER, FOOD, CARE AND CLOTHING.

   Where defendant, charged criminally with the nonsupport of his minor children, was found guilty, it is necessarily implied that the circuit judge found that defendant had sufficient ability to provide necessary and proper shelter, food, care and clothing for his minor children and that he had failed to do so within this State between the dates charged (CL 1948, § 750.161).

2. SAME—NONSUPPORT OF CHILDREN—CRIMINAL LAW—OUT-OF-STATE DIVORCE.

   In a criminal prosecution of a father for nonsupport of his minor children, a felony under the laws of this State, the court is not concerned with the question of the possible effect of a compliance or noncompliance with an out-of-State decree of divorce (CL 1948, § 750.161).

3. SAME—CRIMINAL LAW—NONSUPPORT OF CHILDREN—OUT-OF-STATE DIVORCE DECREE.

   In a criminal prosecution of a father for the nonsupport of his minor children, it is not determined that an out-of-State decree of divorce is or is not an adjudication binding on the courts of this State of the amount required for the support of his children within the dates set forth in the information (CL 1948, § 750.161).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, Parent and Child, § 109.
[2, 3] 39 Am Jur, Parent and Child, § 108.
[2, 3] Criminal liability of father for failure to support child living apart from him without his consent.  23 ALR 864.
[4] 17 Am Jur, Divorce and Separation, § 692.
[4] Liability of father for support of children awarded to mother by decree of divorce not providing for maintenance.  15 ALR 569; 81 ALR 887.

4. SAME—DIVORCE—FATHER'S COMMON-LAW OBLIGATION TO SUPPORT MINOR CHILDREN.

   A decree of divorce of parents does not change the common-law obligation of the father to support his minor children.

Appeal from Genesee; Bishop (Clifford A.), J. Submitted May 26, 1949. (Docket No. 90, Calendar No. 44,361.)   Decided October 10, 1949.

George Coleman was convicted of nonsupport. Affirmed.

*Sherman M. Bean,* for appellant.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Leon A. S. Seidel,* Prosecuting Attorney, and *Richard C. Fruit,* Assistant Prosecuting Attorney, for the people.

REID, J.   Defendant was arrested and tried in circuit court for Genesee county on complaint of his former wife, Ruth Coleman, upon an information charging him with criminal nonsupport of his 2 minor children under the age of 17 years.   From the judgment and sentence placing him on probation for 5 years, the defendant appeals.

Defendant and said Ruth Coleman, the mother of the 2 children, were divorced in Cook county, Illinois, on April 12, 1948.   Defendant and appellant filed the bill for divorce in Illinois.   The decree was granted to Ruth Coleman on her cross bill of complaint.   The validity of the decree is not challenged. Ruth Coleman was by the decree given custody of the 2 minor children, Betty Lou, aged 4 years, and Ronald, aged 1 year.   The decree further provided that the defendant was to pay Ruth Coleman $15 per week for the support and maintenance of the 2 children. Defendant has not complied with the decree as to the support of said children.

Defendant, his former wife, Ruth, and the said children, were all residents of the State of Michigan within the dates charged in the information.

The pertinent portion of the statute under which the information in this case was brought is that part of PA 1931, No 328, § 161, as amended by PA 1947, No 142 (CL 1948, § 750.161 [Stat Ann 1947 Cum Supp § 28.358]), which reads as follows:

"Any man who being of sufficient ability shall fail, neglect or refuse to provide necessary and proper shelter, food, care and clothing for his wife or his minor children under the age of 17 years, shall be guilty of a felony."

The testimony and other proceedings taken upon the trial in this case are not set forth in the record, and evidently defendant does not count on any defect or error in such proceedings. Trial by jury was waived. The court found the defendant guilty in the manner and form charged in the information. It is necessarily implied from the record that the circuit judge found the defendant of sufficient ability to provide necessary and proper shelter, food, care and clothing for the 2 minor children, and that the defendant between the dates charged, *viz.*, on the 5th day of May, 1948, at the city of Flint, Genesee county, and between that date and the 1st day of July, 1948, failed, neglected and refused so to provide. The findings by the trial judge are not disputed.

Defendant cites and relies on *People* v. *Dunston*, 173 Mich 368 (42 LRA NS 1065). Dunston was charged with having deserted and abandoned his minor children without providing for them. The statute under which Dunston was prosecuted combined desertion and abandonment with nonsupport in order to constitute one completely defined offense. In the instant case the charge has nothing to do with deserting and abandoning the children. The statute

under which the prosecution in the *Dunston Case* was brought did not contain the words as to nonsupport heretofore cited, under which the information in the instant case is laid. The words hereinabove cited from the statute in its present form constitute a separate and distinct offense from other recitals in the same section of the statute.

Defendant in the instant case states the question involved as though defendant were charged with noncompliance with the decree of divorce in Illinois. The charge in the information did not recite a violation of the divorce decree, but recited a violation of the Michigan statute. We are not in this case concerned with the question of the possible effect of a compliance or noncompliance with the Illinois decree. Nor do we determine that the Illinois decree is or is not an adjudication binding on the Michigan court of the amount required on May 5, 1948 and between that date and July 1, 1948, fairly to provide shelter, food, care and clothing for the children in question.

A decree of divorce of parents does not change the common-law obligation of the father to suppport his minor children. *West* v. *West,* 241 Mich 679; *Oliver* v. *Oliver,* 306 Mich 273.

It was for the circuit court for Genesee county to determine whether in this case there was a violation of the Michigan statute. The judgment appealed from is affirmed.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.