PEOPLE *v.* HARALSON

CRIMINAL LAW—NONSUPPORT—ELEMENTS OF CRIME.
   Abandonment is not an element of the offense of nonsupport
   by a father of his wife and minor children and therefore
   need not be shown in a prosecution for nonsupport (MCLA
   § 750.161).

Appeal from Genesee, Stewart A. Newblatt, Jr., J. Submitted Division 2 July 28, 1970, at Grand Rapids. (Docket No. 7,831.)   Decided August 28, 1970.

George Haralson was convicted of non-support. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *Roger W. Kittendorf,* Assistant Prosecuting Attorney, for the people.

*Robert M. Crites,* for defendant on appeal.

Before: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM.   Defendant was tried without a jury and convicted (by Genesee County Circuit Judge Stewart A. Newblatt, Jr.) on the charge of non-

REFERENCE FOR POINTS IN HEADNOTE
23 Am Jur 2d, Desertion and Nonsupport §§ 7–11, 57–59.

support, MCLA § 750.161 (Stat Ann 1962 Rev § 28-.358). On February 28, 1967, he was sentenced to a term of 1–3/4 to 3 years imprisonment. Defendant was discharged from prison on October 2, 1968. Appointed appellate counsel's application for delayed appeal was granted by this Court on August 29, 1969.

Appellant argues that an order of a probate court requiring him to pay $60 per week in support payments and requiring him to stay away from the home of his wife must be "justified" by the prosecution in this action for nonsupport.

The probate order was not relied upon as an element of the crime nor was defendant accused of violating the order. Defendant cites no law or reason why the prosecution was under a duty to justify the probate order.

Defendant's contention that abandonment is an element of the crime of nonsupport is contrary to Michigan law. *People* v. *Coleman* (1949), 325 Mich 618. The people introduced sufficient, competent evidence to show that the defendant was able to support his family but had failed to do so.

Affirmed.