**Roland W. WELCH, Appellant,**

v.

**William A. STROUT, Sheriff of Scott County, Iowa and Lester Thoensen, Chief of Police, Davenport, Iowa and the State of Iowa, Appellee.**

No. 54458.

Supreme Court of Iowa.

May 5, 1971.

Dudley C. Lowry, Davenport, for appellant.

Richard C. Turner, Atty. Gen., G. Douglas Essy, Asst. Atty. Gen., Edward N. Wehr, County Atty., for appellee.

BECKER, Justice.

Petitioner sought a writ of habeas corpus to test the validity of extradition proceedings emanating from the state of Michigan. Trial of the cause to the court resulted in an order dismissing the petition and ordering the Governor's warrant effectuated. Petitioner appeals. We affirm.

Petitioner was divorced from Clare Welch on November 26, 1962. Child support payments per a divorce decree as modified have not been paid since June 24, 1969. Petitioner has been resident of either Iowa or Illinois since December 1963. His present contentions are:

I. In order to warrant extradition a person charged with a crime must have been present in the demanding state at the time the offense was committed. Under Iowa law this contention has no merit. Iowa Code, 1971, § 759.6; Clayton v. Wichael, 258 Iowa 1037, 141 N.W.2d 538 (1966).

II. He cannot be extradited for desertion since he was divorced in 1962. The contention fails on two grounds. The objection goes to the merits of petitioner's guilt or innocence of the crime charged. This question cannot be raised on habeas corpus-extradition proceeding. Thoman v.

Harris, 236 Iowa 889, 20 N.W.2d 22 (1945). Further, divorce is no defense to this charge of failure to support children. People v. Coleman, 325 Mich. 618, 39 N.W. 2d 201 (1949).

III. More or less as an aside, petitioner asserts Michigan should have used the Uniform Reciprocal Enforcement of Support Act. The fact that Michigan has an alternative remedy available does not vitiate the proceedings it chose to use.

IV. Petitioner raises no other points on appeal. The trial court found the warrant to be proper on its face.

Affirmed.

All Justices concur, except REYNOLD-SON, J., who takes no part.